McKean, Chief Justice.
The arguments on the records before the court have been ably and learnedly enforced. To these, and to the authorities produced on both sides, I shall briefly refer, while I consider in their order, the objections that have been made in favor of the plaintiff in error.
1. In support of the first objection, a variety of precedents have been shown of declarations upon penal bills from 1 Mod. Ent. 180, 281; Brown’s Mod. Intrandi, &c., and the following books were cited: Doug. 658; 8 Co. 133; 4 Bac. Abr. 13; 7 Co. 10 a; 4 Bac. Abr. 16, 363; 5 Id. 321; Cro. Eliz. 548; Cro. Jac. 183, 500; Cro. Car, 515; Hob. 82, 232; 12 Mod. 81; 1 Bulstr. 163; Salk. 662; 2 Ld. Raym. 814; Carth. 322; Doctrin. Placit. 329; Co. Litt. 303.
But the counsel for the defendant in error have answered these cases, by urging, that oye?’ of the penal bill was prayed and granted ; that the defendant below pleaded in chief to the declaration, payme?it, and joined issue ; and that the verdict was for the plaintiff below. They contended, that the plaintiff was only bound to prove the gist of the action ; that it was. not incumbent on him to prove that the smaller quantity of 100,000 weight of tobacco was not paid ; that under the act for defalcation (1 Sm. L. 49), the jury are to find the sum really due ; and that the defect, if it was one, is cured by pleading over in chief, and also by the verdict. In corroboration of these positions, they cited, Doug. 658; 8 Co. 133; Vaugh. 93, 4, 5; 4 Bac. Abr. 19, 16; Hob. 199; 1 Lill. Pract. Reg. 418; Cro. Car. 209; 5 Com. Dig. 57, 58, 60; 1 Mod. 169; 1 Salk. 37, 38, 133; 8 Mod. 356; 1 Lev. 190; 12 Mod. 44; Cro. Jac. 668; Tri. per Pais 289, 290, 306, 307, 368; Cro. Car. 515; Cro. Eliz. 68; 12 Mod. 459, 414; Carth. 80, 94; 2 Wils. 380; Cowp. 407; 1 Str. 233; 2 Id. 925, 1006, 1011; 1 Wils. 255; 1 Salk. 9; Bull. N.P. 147, 148; 3 Black. 410; Barr. on Stat. 193; 2 Black. 406; 1 Vent. 108, 114, 122, 156; 1 Com. Dig. 60; 2 Vent. 153; Keelw. 187 b; 7 Rep. 10 a; 9 Vin. Abr. 599, pl. 1; 10 Id. 3, pl. 1; 16 & 17 Car. II, c. 8.
We are clearly of opinion, that this defect in the declaration, with respect to the averment, cannot now be taken advantage of as an error. It might, indeed, have been fatal on demurrer; but, at this period of the cause, it is cured by the plea in bar, by the verdict, and by the statutes of *475 jeoffails. The defendant below pleaded payment, whitr. admits the declaration to be good. 10 Vin. Abr. 3, pl. 12. The penal bill became part of the record by the oyer; and if the jury had not been satisfied that the smaller quantity was *not paid, they would never have given a verdict for 114, 286 weight of tobacco. This was the very thing litigated and [*462 determined; and it was the province of the jury, under the act of defalcation, to ascertain the balance, which must have appeared from the evidence. The verdict, therefore, also aids the omission of the averment. See 3 Black. Com. 394; Carth. 389; Jenk. Cent. 21, ca. 39; Ibid 288, ca. 24. Several of the cases cited on both sides do not apply ; but all the late authorities (many of which are in point) support our judgment on this occasion. Those cases which bear a contrary aspect, occurred before the last of the statutes of jeoffails, and previous to the more liberal decisions of modern judges. 2 Burr. 756. The general rule, however, is now well established, that if a plaintiff states his title in his declaration in a defective manner, it will be cured by a verdict;' but not so, if the title is totally defective in itself. Cro. Eliz. 778. (a)
2. The second objection is to the verdict; and to prove the invalidity of that, the counsel for the plaintiff in error, have cited, Cro. Jac. 681; Velv. 71; 2 Roll. Abr. 693, tit. Verdict, pl. 5; Vaugh. 75; 4 Com. Dig. 155; 1 Inst. 227; Cro. Jac. 31; Cro. Eliz. 133; 2 Str. 1089; 2 Ld. Raym. 1581; 3 Lev. 55.
To this the defendant’s counsel have replied, that strict form in a verdict is not now required ; that it needs only to be understood what the intent of the jury was, agreeable to which the verdict may afterwards be moulded into form ; that the constant practice in all the courts in this state, as well before as since the revolution, has been, to enter the verdicts on the j/pue of non,solvit, in the manner that has been used in the present cas*-, that the intention of the jury is plain ; and that the mode of entering their verdict is the act of the clerk. Hob. 54; Co. Litt. 227 a; Salk. 328, pl. 2; 2 Lill. Abr. 798; 4 Bac. Abr. 58, 59, 99; 5 Id. 297, 298, 314; 2 Burr. 700; Cro. Eliz. 664. The court, concurring in these reasons, cannot allow this exception. (b)
3. That the judgment is for money, and not for the tobacco itself, or, if that cannot be had, then for the value thereof, makes the third objection; in support of which the following books are cited : Velv. 71; 8 Vin. Abr. 41, pl. 15, 17, 18. But it is contended, on the other side, and such is the opinion of the court, that if the verdict is good, the judgment must likewise be so ; (c) for being entered generally, when it is drawn at large, it may be put into form; and the merits having been tried, justice must be obtained *476 without being entangled in technical niceties. Cro. Jac. 502: 6 Mod. 270; 1 Wils. 1; 2 Str. 931, 1013; 1 Sid. 376; 5 Mod. 227; 1 Vent 119; 2 Wils. 380; Cowp. 407.
4. The last error assigned in this record, respects the refusal of the court of common picas to admit the defendant below to read in evidence, a copy of an act of assembly of the state of Virginia, printed by the law-printers there, and stitched up, with a few other acts, in a blue paper cover.
*To maintain this objection, it has been argued, that in Great Britain, a public act of parliament is proved by the printed statute book ; that a general history is a proof of a general transaction, though not of a particular one; that this is a general act, and promulgated in the usual mode of promulgating the laws of Virginia; that by the fourth article of the late confederation, the courts are obliged to take notice of the acts and proceedings of other states, as much as if they had occurred here; and that the ordinances of France, the laws of the Danish islands, proclamations in our sister states, the statutes of England, Ireland and Scotland, heralds’ books and registers, have frequently been read in evidence in this court, because of their public notoriety. 12 Mod. 86, 215, 216, 403; 12 Vin. Abr. 119; 1 Atk. 47; 2 Eq. Abr. 406, 409; Cowp. 407; Gilb. L. Ev. 13.
In opposition to these arguments, it was contended, that the laws of Virginia ought to be proved as other facts in foreign countries ; that in Great Britain, private statutes must be proved, either by sworn coidícs, or authenticated under the great seal; that every man is, indeed, obliged to know the laws of his own country, for they are presumed to be in every man’s breast, and the statute book contains hints of them; but the laws of Virgi ;a are unknown in Pennsylvania, and are not in any wise obligatory upon us; U ^ the reason why private statutes must be proved, before they can be received in evidence, applies strongly to foreign acts of assembly, for no man is obliged to know them; that an act of assembly in print is no better verified than if it were in writing only; that this act of assembly might have been forged or repealed, and yet, it would be impracticable on a sudden, pending a trial, to prove it; and that there is no precedent of determination of any court, that such a copy is good evidence; for, indeed, it militates against the general rule of evidence, “ that the best evidence the nature of the case will admit ought to be produced,” and a sworn copy compared with the votes might have been had, or some other regular authentication. Gilb. L. Ev. 4, 5, 13, 16, 17; 12 Mod. 403; Vin. Abr. 129, pl. 59; Id. 119, 120; 1 Salk. 121; Cowp. 174; Prec. in Chan. 207; 1 Lill. Abr. 207; 3 Salk. 154; Doug. 1, 572; Bull. N. P. 21; Old Law of Ev. 66; Trials per Pais 232; 3 Journ. of Cong. 493, 12th November 1777.
This subject has been very ingeniously discussed. It is in a great measure new ; so far, at least, that it does not appear to have come formally before any court, until it arose in the present cause at Lancaster. But, at the same time, I must remark, that I never heard until then of such evidence being refused; and without opposition, I am certain it has very frequently been admitted.
Our law is not confined to particular precedents and cases, but consists in the reason of them; for the reason of the law is the life of the law. I admit, that this printed copy of an act of issembly, though it purports *477 to havs been printed by the law-printers of Virginia *is not snob good evidence as a sworn copy, compared with tbe rolls, or an exemplification under tbe great seal; but these modes of authentication are, likewise, inferior to the original law itself. If the plaintiff in error had been sued in Virginia, this j>rinted book of the acts of assembly would there, unquestionably, have been good evidence ; and I can discern no satisfactory reason, why, as he is Sued here, the same evidence should not be received, at least, primd facie; for although it were a forgery, and the proof in that respect could not, on a sudden, during the short period of a trial, be produced ; yet, in case of any reasonable suspicion, the court might reserve the point, and give the party leave, upon establishing the fact, to move for a new trial.
Lord Chief Justice Willes says, in the case of Omichund v. Barker, 1 Atk. 21, that “the rules of evidence are to be considered, as positive artificial rules, framed by men for their convenience in respect to the transaction of business in the courts of justice,” but there has been no rule established, as far as my knowledge extends, concerning the evidence now under consideration. It has been a rule in the courts of Great Britain, “ to allow such proof as they beyond the sea will allow.” This, however, must bo subject to restrictions : and although the general principle and rule of evidence is, “ that the best evidence the nature of the thing will admit, shall be given,” yet, by constant practice and allowance of the judges, this rule is frequently dispensed with. Were it not, indeed, for this, controversies in courts of justice would be entangled with too many difficulties, and attended with too great trouble and expense, to permit men to seek for redress of many wrongs in a legal way. The same reason that would induce this court to require a law of Virginia to be proved as any other fact, must induce them to insist upon the like proof of the laws of every otherstate>ki'Dgdom. or empire, how ever remote ; a position pregnant with intolerable inconvenience ; destruc tive to trade, commerce and credit; and in several cases, fatal to justice.
Though the practice of the courts, or forms of pleadings, which pass sul silentio, do not make the law ; yet, in a case like the present, a constant practice of permitting acts of assembly or laws to be read out of printed books, without opposition, is a great evidence of the law ; and such printed copies, being of public notoriety, and relied on as genuine, have the presumption of authenticity in their favor, and afford a reasonable satisfaction to the mind of their truth and accuracy. Upon the whole, therefore, I am of opinion, that the court below erred in the rejection of the evidence in question; and that for this cause only, the judgment ought to be reversed, (a)
With respect to the errors alleged against the second record, they have all, except one, been considered and disallowed, in the course of the preceding observations. The one that remains to be decided is, that the court below, on motion of the counsel *for the plaintiff there, permitted the r* declaration to be amended by the writ, after the juiy had been sworn; L *478 and then had the jury sworn again, and received their verdict, without consent, without giving the defendant liberty to plead anew, and without an imparlance, or awarding the payment of costs by the plaintiff.
In support of this objection, it has been urged, that the amendment was an alteration in substance, and changed the nature of the defence; that there is no precedent of such an amendment, after the jury was sworn, therefore, it is hoped, that this court will not enlarge the precedents of amendments, by making a new one ; and that the court below had no power to discharge the jury, after sworn, without consent; or, if they had, that they ought to hate granted an imparlance. Stiles’ Pract. Reg. 45, 49; Salk. 47; 3 Lev. 347; Carth. 465; 2 Black. Rep. 785; 2 Str. 890; Fitzg. 193; 3 Bac. Abr. 236; Gilb. Pract. C. P. 79, 80.
On the other side, it was insisted, that the amendment was only to make the declaration conformable to the writ; that the merits came before the jury, and the cause was fairly tried ; and that such an amendment may be made at anytime. 3 Black. Com. 406; Cunning. Rep. 43; 2 Burr. 756; 5 Id. 2834; 3 Lev. 347; Sir T. Raym. 53; 4 Burr. 2569; Cowp. 841; 1 Wils. 7; 4 Bac. Abr. 30; Comb. 13; 2 Vin. Abr. 326.
The court would willingly support this proceeding, if they legally could; for, they are no friends to exceptions like the present, where the merits have been fairly tried. But we can find no case, or opinion, to favor it in all its parts. I have met with but one, which mentions, that “ after a jury sworn, sometimes a juror is withdrawn, on purpose that there may be an amendment, if it be not entered upon record.” This case was not mentioned at the bar,'but is reported in Comberbach 419, Rex v. Edwards.
Suppose, however, that the court had given the plaintiff leave to make the amendment, before the trial; which they might unquestionably have done, as the nature of the action was not thereby changed ; yet, it was in the election of the defendant, either to take costs of the plaintiff, or to imparl to the next term ; for he had a right to advise upon a plea fitting the declaration so amended; or, if the amendment did not, in his opinion, require an alteration of the plea, he might take the costs, and enter the same plea immediately. At all events, I think, he ought to have been allowed, if he pleased, to plead again, after the amendment, and so join a new issue. 1 Lill. Abr. 70 d; 71 a; Comb. 58; 2 Str. 950. And I have found two cases in Judge Jenkin’s Centuries, in which it is held, that a jury discharged before verdict, shall not be charged again, but there must be a new venire facias Jenk. Cen. 7, ca. 9; Id. 283, ca. 13.
Since, then, the facts relating to the amendment appear upon the record, I am of opinion, that the proceeding of the court below was erroneous : and this judgment also ought, therefore, to be reversed, (a)

 See Carson v. Hood, 4 Dall. 108; United States v. The Virgin, Peters C. C. 9; Gray v. James, Id. 482; Welch v. Vanbebber, 4 Yeates 420; Miles v. Oldfield, Id. 423; Hockley v. Fulmer, Id. 130; Miles v. O’Hara, 1 Sm. Laws 18; Chesnut-Hill Turnpike Co. v. Butter, 4 S. & R. 6; Weigley v. Weir, 7 Id. 309; Cavene v. McMichael, 8 Id. 441; Carl v. Commonwealth, 9 Id. 63; Stoever v. Stoever, 9 Id. 434; Crouse v. Miller, 10 Id. 155; Shaw v. Redmond, 11 Id. 27; Good v. Harnish, 13 Id. 99; Kerr v. Sharp, 14 Id. 399; Morrison v. Moreland, 15 Id. 61; Beale v. Commonwealth, 16 Id. 150; Strohecker v. Grant, Id. 237.

 See Easton v. Worthington, 5 S. & R. 133; Girard v. Stiles, 4 Yeates 1.

 See Lentz v. Stroh, 6 S. & R. 38; Friedly v. Scheetz, 9 Id. 164.

 In Jones v. Maffet, 5 S. & R. 532, Judge Duncan referred to Thompson v. Musser, as “ a well-considered caseand said, “ the laws of our sister states have been constantly read in evidence from the printed statute books, without requiring an attestation taken under the act of congress.” To the same effect are, United States v. Johns, 4 Dall. 412; s. c. 1 W. C. C. 463; Biddis v. James, 6 Binn. 821; and Kean v. Rice, 12 S. & R. 203.

 See Smith’s Lessee v. Brown, 1 Yeates 413, where the court permitted a declaration in ejectment to he amended, after the jury was sworn, to make it conformable to the record, without the consent of the defendant. It has been said, that the act of 1806 was intended to authorize the courts to grant amendments, after swearing the jury, as fully as they could do at common law, before swearing the jury ; but not to require the court to allow amendments, which would change the ground of action, and introduce a new matter altogether distinct from that originally set forth. See Wilson x Hamilton, *479 4 S. & R. 240; Farmers’ and Mechanics’ Bank v. Israel, 6 Id. 294; Wilson v. Wallace, 8 Id. 53.