Sewall, J.,
delivered the opinion of the Court.
This writ of error brings before us the proceedings and judgment upon a writ of review in a real action, the now plaintiff in error having been the demandant in the action, and plaintiff in the review of it, against Thomas Rummery, since deceased, of whose will the defendant in error is executor; and the writ of error is against him in that capacity.
By the record certified, it appears that a tract of land described in the original writ was demanded by the plaintiff in error, against the said Thomas, the demandant, alleging a seisin thereof in him self, and a disseisin by Thomas Rummery. To this he pleaded, as to a part of the premises demanded, described in his plea, that he was not guilty; and as to the residue, non-tenure and a disclaimer. The demandant joined the general issue tendered, and replied to the disclaimer, that the said Thomas was, &c., and now is, in the possession, &c., and tendered an issue thereon, which was joined *79 by the tenant. And upon these issues committed to them, the jury returned a general verdict, that the said Thomas Rummery was not guilty ; upon which verdict judgment was entered for the tenant, that he recover * his costs. The record is of this [ * 66 ] Court; and the trial was had, and the judgment was rendered, at the term of this Court holden for this county on the second Tuesday of September, 1802.
The plaintiff in error insists chiefly upon a supposed defect of the verdict, that it is incomplete or imperfect, and a finding upon one only of the two issues committed to the jury; and, 2dly, that the judgment is incomplete, inasmuch as there is no judgment entered for the demandant upon the plea of disclaimer.
This last objection may be laid out of the case. A plea of non-tenure, and an issue upon it to the country, if found for the tenant, or if there is no finding upon it, and for that reason the verdict is imperfect, is no foundation of judgment for the demandant.
The other objection has been fully considered; and in one view of the case, which may be suggested, this verdict seems capable of a construction, in which it may be understood as comprehending both issues, and sufficiently to warrant the judgment entered upon it for the tenant. The Court are competent to collect the meaning of the jury from the terms of their verdict, and one verdict may be a sufficient finding upon several issues. The general rule is, that although the verdict may not conclude formally or punctually in the words of the issue, yet if the point in issue can be concluded out of the finding, the Court shall work the verdict into form, and make it serve according to the justice of the case, † This rule is stated in a *80 case reported by Hobart, (1) and is cited with approbation in the case of Hawks vs. Crofton. (2) There, in an action of trespass vi et armis for an assault and battery, and special damages alleged, the defendant pleaded, as to the force and arms, not guilty, and as to the special damages son assault, &c., the plaintiff joined issue on the' first plea, and to the second replied de injuria sua propria, and the defendant joined that issue; and upon these two issues the jury returned a general verdict of guilty of the trespass within L *67] * written, and judgment was entered for the plaintiff. Upon a writ of error brought to reverse this judgment, as entered upon an imperfect verdict, the Court of King’s Bench adjudged it good and sufficient, and the judgment was affirmed.
In the case at bar, the jury may be, and probably were, understood to have acquitted the tenant, as well of the trespass or wrongful possession alleged in the demandant’s replication, as of the disseisin-or the possession defended upon his title in the other part of the demanded premises. This would be the obvious construction, were not the verdict expressed in the terms of the first issue; but if understood at the trial with this restrictive application, the jury, it may be presumed, would have been further inquired of as to their finding upon the second issue. However, we have not thought it necessary to decide that the verdict, in the case before us, is to be thus extended by a construction which is not admissible, unless it appears to be the necessary conclusion upon the whole record.
Another objection—that which was first argued for the defendant in error — the Court have found conclusive against the present writ of error. The subsequent proceedings, if the exception insisted on for the plaintiff in error were to prevail, would be a venire facias de noiso for a trial of the issues joined on this record between the plaintiff in error and the deceased Thomas Rummery. In the writ of error, his executor, in that capacity, is the only party. His heirs, or any tenant of the premises, are not parties, and a trial of the title in question upon the record must be with the executor of the supposed disseisor.
The exception has been argued, as if the only consequence of reversing the judgment would be a restoration of the bill of costs, recovered by Thomas Rummery; .and as if it were certain upon the record, that the second issue was or would be found for the demandant, or that he was entitled to a judgment upon the disclaimer; *81 whereas, supposing the verdict imperfect, there is at present, in this record, no ground of decision in these respects; and a reversal of the * judgment will only open the cause to a [ * 68 ] new inquiry, which must be extended to both issues. If there are several issues, and a verdict good as to one, and imperfect as to others, a venire facias de novo goes to all. (3)
It may be observed further, and in a more general view of the subject, that because, among those who become privies by interest in a judgment, or the property affected by it, and therefore entitled to a writ of error, there may be several and distinct interests, so the remedy for their respective rights may be several and concurrent, as in the instances of the heir or devisee in respect to the land, and the executor in respect to the personal effects, taken or endangered by a judgment supposed to be erroneous. Where this happens, each privy to the judgment is distinctly entitled to a writ of error, and to maintain it by himself; and this notwithstanding a release by any other having a like privity in the same judgment by a distinct interest, (a) This position is warranted by many authorities and decisions, (4) and is cited and relied on in a decision reported by Croke, (5) where a writ of error to reverse the judgment in a real action was permitted to be maintained, by one of the parties to the judgment, against the executor of the other party, after her decease. But the circumstances of that case are remarkable. A writ of error, by the tenant against the demandant, had been brought to reverse a judgment on a writ of dower, by which the demandant had recovered the land and damages. Pending the writ of error, the demandant died. In that case, by the opinion of two justices, a third not being resolved upon the point, the tenant, plaintiff in error, was permitted to have another writ, and to maintain it against the executor of the demandant, to reverse the judgment for damages. It is obvious that in that case there could be no suggestion of any other privity of interest than that of the executor of the demandant, to be affected by the reversal or the proceedings on the writ of error. The party injured had no other remedy; and the judgment, although in a real action, had become, by the determination of the estate upon * the demandant’s death, [ * 69 ] a judgment affecting the executor only, and the personal effects of the testatrix.
There is no exception for writs of error, that they are not to be *82 regulated by the general principle of law; which is also a dictate of natural justice. Every person to be directly affected in his interest or rights by the judgment of a court of record, is entitled to be named or described in the suit, to have notice of it, and an opportunity of being heard, and of defending his rights. (6)
It is said, indeed, that a writ of false judgment lies against a stranger to the judgment, if he be tenant of the land, without naming him who was the tenant and the party to the judgment. (7) But, however this may be, it is very clear, from all the authorities, that it is otherwise of a writ of error, and that the party to the judgment in a real action, or, if he has deceased, then his heir, must be named, whether tenant of the land or not; and if another than the heir be tenant, it is the safest course to name him also, or to have a scire facias against him, before the court proceed to examine the errors, assigned.
The observance of the general rule I have mentioned, indispensable in every case where it applies, is enforced in the case at bar by the circumstance, that a reversal of the judgment complained of, if it should be found to be erroneous, is to be followed by a new trial of the issues joined between the original parties. Respecting the land in controversy,Robert Rummery, in the capacity of executor, is not the representative of Thomas Rummery, the original party to the judgment. Those entitled, at his decease, by descent or devise from him, have a privity by their interest in the principal subject of this judgment, in which the bill of costs is but an incident. The title of the heir or devisee is to be tried and determined, and the rights of the terre-tenant, if he be a different person; and all these would be precluded from an opportunity of defending their rights, were we to proceed on this writ, in which the executor only is named and made defendant.
* Without proceeding, therefore, to examine the errors
alleged against this record, or to affirm or reverse the judgment, the Court are of opinion that this writ of error is not maintainable ; and the entry must be, that the plaintiff in error take nothing by his writ.
The Chief Justice and my brother Parker concur in this decision
ADDITIONAL NOTE.
[See Rogers vs. Holly, 18 Wend. 350.— Fuller vs. Wilcox, 19 Wend. 351. — Mower vs. Mower, 20 Wend. 635.— Oakley vs. Van Horn, 21 Wend. 305.— Gillet vs. Stanley,
1 Hill, 121.— Olney vs. Adams, 7 Pick. 31.
A writ of error can be brought only by parties and privies. Hence, in ejectment, the tenant, before he is made defendant, cannot bring error. — Bledsoe vs Wilson. 2 Dev. 314. —F. IL]

 ADDITIONAL NOTE.
[See Leineweaver vs. Stoever, 17 S. & R. 297.— Green vs. Watrous, Ibid. 393. Fisher vs. Kean, 1 Watts, 259. — Burdick vs. Norris, 2 Watts, 28.— Clark vs. Halberstadt, 1 Miles, 26. — White vs. Bailey, 14 Conn. 271. —Newell vs. Roberts, 13 Conn 63. — Edelen vs. Thompson, 2 Harr. & G. 31.
Where a verdict was found upon only one of several counts, but the minutes of the judge showed that the evidence was applicable to this alone; upon motion of the plaintiff, the verdict was amended by a finding for the defendant on the other counts. —Jones vs. Kennedy, 11 Pick. 125.— Clark vs. Lamb, 8 Pick. 415.
In case of an informal verdict, it is not error for the court to direct the jury to return and put it form, though they had previously separated after sealing it. — Wolfran vs. Eyster, 7 Watts, 38.
A special verdict, it seems, may be amended by consent. Otherwise, it cannot be - Walker vs. Dewring, 8 Pick. 520.
A special verdict, intending to present the question of the construction of a devise, referred to it as contained in the will of A, naming the date and probate of the will, but not the particular devise. Held bad. — Ibid. —Upon an indictment, a special verdict, finding the defendant guilty, but not in the county alleged, is bad. — Com. vs. Call, 21 Pick. 509. — It does not, however, operate as an acquittal, but the party shal. be tried anew. — Ibid. — See Dyer vs. Com., 23 Pick. 402.
In debt on bond, issues were joined upon the pleas of non estf ^um,solvit ad diem, *80 and solvit post diem. Verdict, that “ the defendant is not indebted to the plaintiff.’1 Held defective, as it did not show an agreement of the jury upon either issue. Coffin vs. Jones, 11 Pick. 45.
As to remitting part of a verdict, see Lambert vs. Craig, 12 Pick. 199 PH]

 Hob. 54.

 2 Burr. 698

 2 Rol. 722. — Barnes, 461.

 [Shirley vs. Lunenburgh, 11 Mass. Rep. 379. — Ed.]

 Com. Dig. Pleader, 3 B. 9. — F. N. B. 21, N. — Cro. Jac. 160,138. — 1 Leon. 325.—1 Rol. 748. — Dyer, 16. — 5 Co. 111.— Cro. Eliz. 225. — Show, 13. — Sulk. 60, 295. — Noy, 126.

 Cro. Eliz. 558, Williams vs. Williams.

 Com. Dig. Plead. 3 B. 10, cites 3 Mod. 274. — Dyer, 321. — Raym. 17. — See 1 Burr. 410.

 F. N. B. 18, 19, in notis 21, 22, note a. — Dyer, 321.