LITTLE
ROCK,
Jan'y 1839

DYER
vs.
HATCH.

GEORGE DYER *against* GEORGE J. HATCH.

ERROR *to Jackson Circuit Court.*

Where the defendant below moved to, abate the writ (which was a capias,) and dismiss the cause, for the several reasons—1st, that there was no order of the Judge for the capias; 2nd, that there was no sufficient affidavit to hold bail; and 3rd, that the defendant was held to bail out of his own county : this was merely matter in abatement of the writ; and the defendant, by pleading generally, after his motion was overruled, waived all objections to the writ, and cannot in this court assign for error the overruling of his motion.

The rule would have been the same, if he had pleaded the same matters in abatement.

Where the court below, in process of the cause, rendered judgment for the costs of the motion to abate the writ, such judgment was not warranted by law ; yet the remedy thereof cannot be assigned for error when the case is brought here by the writ of error to the final judgment. The validity of the final judgment on the merits, is not affected by such an incidental judgment.

Where in trespass, upon the general issue of not guilty, the jury found " for the plaintiff," and assessed his damages, the verdict is good.

Where the verdict is for one hundred and seventy-five dollars, and the judgment is for " one hundred and seventy-five, the amount of his damages assessed as aforesaid," with costs, the judgment is good, and does not vary from the verdict.

Where a motion for a new trial is made, " because the finding of the jury is contrary to law ; and because the damages are excessive and unreasonable, and exceed the amount sworn to by the plaintiff in his affidavit to hold to bail;" if the evidence given on the trial is not brought before this court; if it is not shown that illegal or incompetent testimony was admitted, or legal and competent testimony excluded ; or the instructions given or refused by the court below do not appear, this court is bound to presume that the decision of the court below was correct.

And this court, in such case, will presume the decision of the court below, in overruling the motion for a new trial, to have been correct, although an insufficient reason was assigned for such decision.

This was an action of trespass in the circuit court of Jackson county, by *Hatch* against *Dyer*. Before issuing the writ, *Hatch* made an affidavit before the judge of said circuit court, that he had " an actual subsisting demand against the defendant amounting to the sum of one hundred and ten dollars, and that the said defendant now lives in the state of Missouri, and is now about to leave the state of Arkansas, and that he is in danger of losing his demand against him, and he believes that the said defendant ought to be held to bail, &c." Upon which, a *capias ad respondendum* was issued, and the said *Dyer* held to bail in the sum of two hundred dollars. At the return term of the writ, *Dyer*, by attorney, moved the court to abate the writ, and dismiss the cause, because the judge had made no order to hold to bail, filed in the

LITTLE
ROCK,
Jan'y 1839

DYER
vs.
HATCH.

clerk's office; because the affidavit to hold to bail was insufficient; and because the defendant had been held to bail in a county of which he was not a resident, which motion was overruled by the said circuit court; and the cause ordered to progress, on a statement of the clerk of said circuit court that he was " conscious" that there was an order from the judge directing him to issue a writ of *capias ad res-pondendum.* No order to hold to bail was filed *nunc pro tunc;* and upon said *Dyer's* motion to abate the writ, &c., the said circuit court rendered judgment formally against him for the costs of such motion. A plea was then interposed, a trial had, and judgment final rendered against *Dyer.*

FOWLER, for plaintiff in error:

It is contended in behalf of the plaintiff in error, that pleading over in the case could not cure a proceeding, which is void in its inception, and irregular throughout. By a statute law now in force, no writ of *capias ad respondendum,* can be legally issued in such a case as this, unless upon a " proper affidavit or affirmation, it shall appear proper" to the judge that " the defendant be held to bail," then the judge shall make an order, which shall be filed in the clerk's office before the writ issues. Vide *Pope, Steele,* and *McCampbell's Dig., p.* 316, *sec.* 10. The affidavit, it is believed, is not substantially sufficient, being applicable to a case in contract rather than in tort; and if sufficient, no order appears by the record and proceedings to have been filed in the clerk's office. This was attempted to be supplied by a statement of the clerk that he had been directed to issue a *capias,* which falls far short of showing that a *proper order* ever had been filed. If the defect could have been supplied at all, it could only be done by filing an order *nunc pro tunc:* and such filing must have been predicated on some memorandum in writing preserved by the clerk to amend or file the order by, and not supplied by a verbal statement alone, based upon the frail memory of the clerk or any other person.

It is further insisted that *Dyer* could not legally be held to bail in the county of Jackson, upon any affidavit, however strong; and that any order for that purpose, or any writ issued in pursuance thereof, would be not only voidable but void; and consequently any judgment rendered thereon must be erroneous. No person shall be held to bail in a county in which he does not reside. Vide *Pope, Steele,* and *McCampbell, p.* 318, *sec.* 12.

LITTLE
ROCK,
Jan'y 1838

DYER
*vs.*
HATCH,

It is also believed to be a general rule, to which the formal judgment for costs on the motion to abate the writ in this case is not an exception, that but one judgment can be rendered in any one case; and that to enter a formal judgment for costs on any motion or interlocutory order in the progress of a cause, is error, and cannot be enforced by execution; a *rule*, and *attachment* being the only legal mode of collecting such costs. Vide 1 *Pirt. Dig.* 194, 198; 2 *Bibb. Rep.* 243; 1 *Bibb. Rep.* 555; 4 *Littell Rep.* 234.

It is also submitted to the consideration of the court, (without expressing a belief in the proposition,) whether the verdict be good unless it had expressly found the defendant below " guilty" &c. If so, the verdict of the jury is erroneous.

The plaintiff in error also insists that the judgment given by the court below wholly varies from, and is unauthorized by the verdict; being for an amount wholly different from that specified in the verdict.

It is also contended that the court below erred in overruling *Dyer's* motion for a new trial, *because it was not sworn to*, or *supported by affidavit.* *Dyer* insists that no affidavit was necessary.

WALKER, *contra:*

The numerous errors assigned in this case, present but two substantial points. *First*, did the circuit court err in overruling the defendant's motion to dismiss the suit? *Second*, is the verdict of the jury sufficiently certain? The affidavit of the defendant complies with the statute. See *p.* 316, *sec.* 10. By the statute the judge who grants the order judges of the sufficiency of the affidavit; and if it does not, or if the judges be adjudged insufficient, the same act provides that the defendant shall be discharged from bail, enter his common appearance, and that the suit shall progress. And if the defendant be held to bail in a county in which he does not reside, by the same statute sec. 12, it is provided, that although the defendant be discharged from bail, the suit shall progress as if no bail was required. In this case, however, it is contended for defendant that the affidavit of the clerk, " *that such order had been filed*," supplies the place of the order itself. The lost paper, (if on file) would but be evidence that the law had been complied. If the order had been filed *nunc pro tunc*, it would but be matter of form; the affidavit of the clerk alone gives evidence of the pre-existence of the order. It is further contended by the defendant, that the defendant in the circuit court by pleading, waived his right to contest the

LITTLE
ROCK,
Jan'y 1839

DYER
vs.
HATCH.
sufficiency of the writ or the decisions thereof. The writ has performed its office; the defendant admitted himself in court by pleading to the action, and cannot go back to enquire whether he travelled a legal highway in getting there. See 1 *Bibb.* p. 473.

It is assigned for error that the circuit court gave judgment for costs upon a motion in the progress of the suit. The judgment on that motion is no more a final judgment than judgment for costs of continuance or amendments. There is no error in this respect, but if there had been, no exception was taken to it in the court below, and this court for that cause, will not investigate it.

The verdict is substantially a good verdict; the issue was " not guilty." The verdict " found for the plaintiff and assessed his damages to $——." What is understood by "finding for the plaintiff?" Most clearly, *the issue.* See 2 *Bibb.* 178; 1 *Bibb.* 251.

There is no variance in amount between the verdict and judgment. The error for that cause resuscitates the record.

RINGO, *Chief Justice,* delivered the opinion of the court:

This is an action of trespass *vi et armis,* instituted by *Hatch* against *Dyer,* in the circuit court of Jackson county. The plaintiff below filed his declaration and affidavit, and sued out a capias ad respondendum thereon against the defendant, *Dyer;* at the term to which the writ was returnable, the defendant moved the court to abate the writ and dismiss the suit, upon the following grounds: *First,* that there is no order by the judge for the capias ad respondendum. *Second,* that there is not a sufficient and proper affidavit. *Third,* that the defendant was held to bail out of the county where he resides; and *Fourth,* that the whole proceedings are irregular, illegal, informal, and insufficient. While this motion was pending, the plaintiff filed an affidavit with the clerk of the circuit court, in relation to the order for bail, and thereupon obtained a rule on the clerk to bring into court the judge's order for a capias ad respondendum filed in this case, to which the clerk, by his affidavit filed, answered that he had made diligent search for the order specified in the above rule, and that it could not be found in his office, and he was of *opinion* that it had been lost or destroyed; whereupon the court overruled the motion to abate the writ, and dismiss the suit, and ordered the parties to proceed in the cause, and the defendant excepted to these opinions and orders of the court, and filed his bill of exceptions, which is made a part of the record,

and then filed his plea of not guilty, to which the plaintiff joined issue, and a jury was sworn to try the issue, and found a verdict for the plain- tiff, upon which judgment was rendered. The defendant then moved the court for a new trial, which being overruled, he has brought his case before this court, by writ of error to reverse said judgment.

There is an assignment of errors and joinder. The matters relied upon as stated in the first five assignments of error, are to the following effect: *First,* that the affidavit to hold to bail was wholly insufficient. *Second,* that there was no order of any judge for bail filed in the clerk's office. *Third,* that the court overruled the defendant's motion to abate the writ and dismiss the suit. *Fourth,* that the court received the affidavit of the clerk to supply a fatal defect in the record, of the existence whereof there was no memorandum in writing. *Fifth,* that the court ordered the parties to proceed in the case, without any original order, or any order *nunc pro tunc,* of any judge for bail, being on file in the clerk's office.

The several matters presented by these assignments, refer to the same subject, that is, to the validity of the writ, and the propriety of issuing it, and raise but a single question for the consideration of this court; in disposing of which, the nature and effect of the motion to abate the writ and dismiss the suit, upon the grounds set forth in the motion, must be first considered and decided. Matters of fact, the non-existence of which was asserted by the defendant, and denied by the plaintiff, as appears by the record, formed no inconsiderable part of the case, as presented by the motion upon which the court was called to decide. Their effect upon the suit, if admitted or proven, as stated in the motion, would be to abate the writ, or discharge the bail, or both, and nothing more; they are, therefore, strictly matters in abatement of the writ, of which the defendant had a legal right to avail himself, in any manner authorized by law: but whether the law will permit a defendant to have the same advantage of them on motion, that he could have by a regular and formal plea on oath, is a question not necessarily to be decided in this case, and therefore, we express no opinion upon it; yet considering them as matters in abatement of the writ only, and allowing them the only effect in law which they could have if shown by a formal plea, (and they certainly are not entitled to a more favorable consideration,) they must, upon well settled legal principles, be deemed to have been waived by the defendant himself, by subsequently pleading the general issue in bar of the action;

LITTLE
ROCK,
Jan'y 1839

DYER
vs.
HATCH.
for if he relied upon them as a defence, he was bound by law to have rested his case upon the decision against him on the motion; and he was not at liberty to put the plaintiff to the hazard and expense of contesting and litigating the matter with him, in a trial upon the merits, and after being defeated upon the trial, to return to, and base himself upon a position which he had previously voluntarily abandoned as untenable.   Upon this point, *Co. Litt.* 303, *a; Ld. Raym.* 970; *Longueville* vs. *Thistleworth*, 1 *Tidd.* 680, 8 *edit.; Bac. Ab. Pl. &c. (A.); Stephen's Pleading*, 477; and 1 *Chitty Pl.* 425, are authorities full and conclusive, and the rule is believed to be as old as the science of pleading itself, as regulated by the common law.   It is a rule founded on reason, and in its practical operation is attended with many beneficial results; but if there could be any doubt as to the character of the defence made by the defendant's motion to abate the writ, they must be dispelled by reference to the statute of 1807, *Ark. Dig. p.* 316, 5, 10; which prescribes that the original process in all actions of trespass, shall be a writ of summons; but also provides, that upon proper affidavit, or affirmation, any judge may, if it shall appear to him proper that the defendant be held to bail in any such case, make an order, whereupon a capias ad respondendum may issue, such order being filed in the clerk's office, and declares that if the plaintiff shall in any such case, issue any other proofs whereby the defendant may be held to bail, *the court shall abate the writ,* and allow the defendant his costs and four dollars, to be paid by him or them who procured such writ; and also provides further, that the defendant may appeal from the order of the judge, to the court; and if the court shall overrule the judge's order, the bail bond shall be cancelled, and the defendant's appearance accepted; and the same statute, *Ark. Dig., p.* 318, *sec.* 12, contains this proviso, "that in civil cases, no person shall be held to bail in a district (county) in which he does not reside; and if any person shall be arrested and imprisoned or held to bail in a civil case in a district (county) in which he is not an inhabitant, he, or she may be discharged from his, or her imprisonment, or bail; and the suit may progress as if bail was not required."   The object and intention of these provisions, are so obviously plain, as not to admit of a doubt; they embrace every ground taken in the motion, and show conclusively, that they are, collectively, matters in abatement of the writ, only, and some of them can only be resorted to, to discharge the bail, leaving the suit to progress, as if bail was not required.

But suppose the objections here made in the motion, had been embodied in, and presented by a regular and formal plea in abatement of the writ; to which the plaintiff had demurred, and the judgment of the court had been given for him on the demurrer, and a *respondeat ouster* had been awarded, as it must have been, and the defendant had afterwards pled the general issue in bar of the action, as he has done in this case, upon the overruling of his motion, could any one insist for a moment, that he could afterwards take advantage of any error in the judgment pronounced upon his plea? Certainly not. And the reason is, that by electing to plead over, instead of abiding by his first defence, he shall be considered as having acquiesced in, and admitted the propriety and justice of the decision against him, or waived any legal objection which he may have had thereto. And we do not perceive, as before remarked, any reason why the rule should not apply to the like defence, when it is made by motion, as in this case; we are, therefore, of opinion, that the facts assigned as error, in the first five specifications in the assignment of errors, were waived by the defendant below, by pleading over, and therefore, they are not matters for which error will lie to reverse the final judgment in this cause. And therefore, we express no opinion as to their legality or sufficiency.

The sixth assignment is, that the court erred in rendering judgment for the costs of the motion to abate the writ against the plaintiff in error.

The practice of entering up a final judgment for costs, upon the decision of incidental questions, or motions in the progress of a suit, is certainly not warranted by law, and is in itself improper, as subjecting the party against whom it is rendered, to an additional charge for entering up the judgment and issuing execution thereon, as well as the fees of the officer collecting the same on execution. Besides this, it may, perhaps, enable the party against whom it is rendered, to prosecute a writ of error to reverse it, thereby creating a foundation for an unnecessary and vexatious increase of litigation, contrary to every object and policy of the law; but notwithstanding this we are clearly of the opinion that this incidental judgment is not brought before us for adjudication, or revision, by the present writ of error, and that it is not a matter which can be assigned as error in the judgment now before us. The present writ of error extends only to the judgment given on the final trial of the case, the validity of which is not in any wise affected by the incidental judgment for costs, on the motion. The seventh assignment questions the sufficiency of the verdict, because it

K

LITTLE ROCK, Jan'y 1839

DYER *vs.* HATCH.

does not expressly find the defendant (*Dyer,*) *guilty,* in manner and form as charged in the declaration.

The verdict is in these words, " we the jury find for the plaintiff and assess his damages at one hundred and seventy-five dollars." The issue was simply upon the plea of *not guilty,* and the general rule is, the verdict must respond to the issue joined, and find as to every fact thereby put in issue, but as much certainty is not required in a general verdict, as is required in the pleadings, and if the court can collect the matters in issue from the verdict, it is sufficient, and although informal, it may be moulded into proper form by the court.

The cases of *Hawks* vs. *Crofton,* 2 *Burr,* 698; and *Woolford et al.* vs. *Isbel,* 1 *Bibb.* 247, are in point.   In both cases the action was trespass, assault and battery, and the general issue was plead with special pleas in justification, and the verdict found the defendant guilty, and assessed damages, but without any notice of the special pleas of justification; and the verdict in each case, though objected to for that cause, was held sufficient, upon the ground that the fact of guilt being found, and the damages assessed, negatived the justification, and the issue upon these pleas must therefore, be considered as embraced in the general finding by the jury.   The objection there was more forcible than it is in the present case; for here there is but a single issue, which the jury was sworn to try, and the defendant's guilt is the only fact directly in issue; the plaintiff affirms his guilt, and the defendant denies it; and upon this issue the jury expressly finds for the plaintiff.   What do they find for the plaintiff?   Certainly it is the issue, for there is nothing else before them; this they were sworn to try, and the law will not presume them guilty of doing a mere idle act, contrary to their sworn duty, and solemn obligation; when they had thus determined the issue against the defendant, by finding him guilty of the trespass laid to his charge, they proceeded to assess the plaintiff's damages sustained by reason thereof; the verdict is, therefore, sufficient in law, to enable the court to collect and understand the meaning of the jury, and to pronounce a proper, valid, and legal judgment upon the premises.

The eighth specification in the assignment of errors, asserts that the judgment of the court is given for a sum different from that found by the verdict of the jury, and is therefore wholly unauthorized by the verdict.

The verdict is for one hundred and seventy-five dollars damages, and the judgment is, that the plaintiff have and recover of and from the

defendant, the sum of one hundred and seventy-five, the amount of his damages assessed as aforesaid, together with all costs, &c.; omitting the word dollars; it appears of record in the preceding part of the same entry, that his damage was assessed by the jury, and the amount thereof so assessed, is clearly set out; the judgment refers to "the amount of his damages assessed as aforesaid," and excluding therefrom the whole expression of "the sum of one hundred and seventy-five," reads thus, "*that the plaintiff have and recover of and from the defendant the amount of his damage assessed as aforesaid*," which is sufficiently certain, for no one can misapprehend the amount for which the judgment is given; and being for the sum stated in the verdict, it is of course supported by the verdict.

LITTLE ROCK, Jan'y 1839

DYER
vs.
HATCH,

The ninth and last matter specified in the assignment of errors, questions the decision of the court in overruling the defendant's motion for a new trial.

This motion was predicated upon two grounds. *First*, that the finding of the jury is contrary to law; and *Second*, that the damages are excessive and unreasonable, and exceed the amount sworn to. The evidence given on the trial does not appear in the record, by bill of exceptions, or otherwise; nor is it shown that illegal, or incompetent testimony was admitted, or competent legal evidence excluded on the trial; or what instructions, if any, were given or refused by the court; therefore, we are bound by every principle of right and justice, to presume that the decision of the court was right, and that a new trial ought to have been refused.

If the defendant was dissatisfied with the decision, and desired the action of the Supreme Court upon it, he should have excepted to the decision of the court when it was given, and embodied the whole of the facts and evidence in his bill of exceptions, and thereby made them a part of the record, so that this court, seeing them, could determine thereupon whether the court did or did not err, in deciding against the motion. This he entirely failed to do, and his case must be governed by the legal presumption, that every decision of the court is right until the contrary thereof be shown, either by some fact in the record, or other matter of which the court is bound to take judicial notice; but neither the fact that the damage found by the verdict exceeds the sum stated in the plaintiff's affidavit for bail, or the insufficient reason assigned by the judge for overruling the motion, shows the decision to be wrong; the former is wholly immaterial, and the latter

LITTLE
ROCK,
Jan'y 1839

DYER
*vs.*
HATCH,
can have no influence whatever upon the question; for the decision may be strictly and legally right, and the reason assigned by the court entirely insufficient.

Therefore, it is the opinion of this court, that there is no error in the judgment of the circuit court of Jackson county, given in this case, and the same ought to be, and is hereby affirmed with costs.