PHILIP WALLACE, et al. Plaintiffs in error,

*vs.*

FRANKLIN HILLIARD, Defendant in error.

ERROR TO DANE CIRCUIT COURT.

A verdict in replevin upon the general issue, and plea of property, which simply finds the defendant not guilty, and fails to find the value of the property or title, is substantially defective.

The value of the property in replevin is a material fact to be found by the jury.

The court cannot amend the verdict of a jury in matters of substance, but may reduce it to proper form.

In replevin upon the general issue and plea the jury found the defendant not guilty, but failed to pass upon any other issue, or to find the value. At a subsequent term, the court, on motion, amended the verdict by adding thereto these words : ' And that the value of said goods and chattels is one hundred and forty dollars." This amendment held to be unauthorized and erroneous.

The facts in this case are stated in the opinion of the court.

*Atwood & Haskell,* for the plaintiff in error.

1. The *value* of the oxen, for the recovery of which the action in the circuit court was brought, is an essential fact, and should have been found by the jury on the trial. The amendment to the verdict by the court, therefore, is unauthorized. Code, § 171, et § 215. sub. 4.

2. But the amended verdict is fatally defective, for two material issues at least are presented by the pleadings. 1st, the wrongful detention of the oxen by the defendant, and 2d, the right of property or possession therein; and the verdict is silent upon the last mentioned issue. *Heeran vs. Beckwith,* 1 Wis., 17 ; *Ford vs. Ford,* 3 Wis., 399 ; *Donaldson vs. Johnson, et al.,* 2 Chandl., 160; *Gates vs. Fassett, et al.,* 5 Denio, 21.

3. But if the defendant was entitled to a recovery in this cause, the judgment should have been in the alternative, "for the return of the property, or the value thereof, in case return cannot be had," and not absolute for a specific sum of money. Code, § 187; *Dwight vs. Enos*, 5 Selden, 470; *Fitzhugh vs. Wiman*, 5 Selden, 559.

*By the Court*, COLE, J. This was an action of replevin commenced by Wallace to recover the possession of a pair of oxen, which he alleged Hilliard wrongfully detained from him. The property was replevied and delivered to Wallace upon his giving bond as required by statute. Hilliard interposed the plea of the general issue, that he did not wrongfully detain, &c.; and also the further plea, setting up title in himself, and traversing the title of Wallace. The jury on the trial found that Hilliard was not guilty of wrongfully detaining the property as was alleged, but did not assess the value of the property or pass upon any other issue in the case. At a subsequent term, the circuit court, upon notice and motion on behalf of Hilliard, amended the verdict of the jury by adding thereto the following words: "and that the value of said goods and chattels is one hundred and forty dollars." This amendment to the verdict we think was unauthorized, and should not have been made. It was virtually and really adding to the verdict a most material finding, which the jury overlooked. It was as much the duty of the jury to assess the value of the property as it was to pass upon any other issue in the case. We suppose the doctrine is too well settled to need the citation of authorities, that it is not competent for the court to amend a verdict in matters of substance. When the verdict contains substance sufficient to conclude the parties upon the several issues joined, and is bad only as to form, the court will correct the verdict by putting it in appropriate

language. But how could the court know that the jury would assess the value of this property at one hundred and fifty dollars rather than at any other sum? It appears this was the value of the property as stated in the declaration. But obviously, it was the province of the jury to determine the value of the property from the evidence. A still further objection is taken to the judgment in this case, which is, that the judgment should have been in the alternative for the return of the property or the value thereof in case a return could not be had, and not absolute for a specific sum of money. As we consider the verdict in the case essentially defective, and the amendment made thereto by the circuit court unauthorized and improper, and that a new trial must be granted upon this ground, whether any other error has intervened or not, it is unnecessary to discuss this last objection.

The judgment of the circuit court is reversed, and a new trial ordered.