## G. J. SHAW *v.* THE STATE.

1. VERDICT.—The Code of Criminal Procedure requires that verdicts in criminal cases shall be in writing, and, when the plea is. not guilty, that they "shall find the defendant either guilty or not guilty." A verdict, therefore, which omits the word *find* is fatally insufficient, unless corrected with consent of the jury.

2. SAME.—It is not competent for the court, by a recital in its judgment, to correct the omission of the word *find* in the verdict as rendered by the jury.

APPEAL from the District Court of Colorado. Tried below before the Hon. E. LEWIS.

The indictment charged the appellant with the theft of a beef steer of the value of $15. The verdict is recited in the opinion of this court.

*John P. C. Whitehead,* for the appellant. The main and controlling point in this case is, as we conceive, that there is here no verdict upon which judgment could have been rendered.

It is submitted that the verdict is nothing; conveys no conclusion of the mind of the jury; asserts no proposition; is vague, indefinite, and uncertain.

The verdict of the jury must be responsive to the issues. *Neal* v. *Birdseye*, 39 Texas, 604.

The verdict of the jury is statutory, and the statute must be complied with. If not, there is no verdict. Pasc. Dig., Art. 3091; *Slaughter* v. *The State*, 24 Texas, 410; *Buster* v. *The State*, 42 Texas, 315; *Ring* v. *The State*, 42 Texas, 282.

The clerk could not supply the omission. That could only have been done by the jury, under the order of the court. Pasc. Dig., Arts. 3092, 3093; *The State* v. *Underwood*, 2 Ala. 745; *Cook* v. *The State*, 26 Ga. 593; *Sargent* v. *The State*, 11 Ohio, 472; 2 Cal. 192.

*George McCormick*, Assistant Attorney General, for the State. The 2d error complained of in the amended motion for a new trial, to wit, "because it does not appear from the record that there was a finding by the jury, whose province alone it was to find him guilty or not guilty," is also untenable.

I submit that, as the judgment recites the verdict as follows, viz., "We, the jury, find the defendant guilty, and assess the punishment at two years' confinement in the penitentiary at hard-labor," there is nothing in the record of this case that will authorize this court to go outside of that solemn recital, and look for any other verdict.

If the verdict as rendered by the jury was different from the one copied in the judgment by the clerk, then the proper way for such fact to appear to this court is by bill of exceptions, duly certified and signed by the court; and, if the judge refused to sign such bill, then that fact should also appear. Pasc. Dig., Arts. 218, 219, 3068; *Houston* v. *Jones*, 4 Texas, 470; *Bishop* v. *The State*, 43 Texas, 390.

The only evidence, then, of the fact, if such be the fact, that the foreman of the jury, in returning the verdict, omitted in the written verdict the word "find," and returned it

in this form, to wit, " We, the jury, the defendant guilty, and assess the punishment at two years' confinement in the penitentiary at hard labor," appears from the affidavit of the clerk of the court.

I insist that this is not the proper manner to bring this ·question before this court; that it should have been made to appear by bill of exceptions. The presumption that the verdict was recorded as presented is too strong to be over-come by the simple *ex·parte* affidavit of this party.

But I submit that, if it be admitted that the verdict was returned as stated in the affidavit, yet it was legally suffi-cient to warrant the judgment : and, in support of this prop-osition, I desire to refer the court to the following author-ities :

A verdict is the unanimous decision made by a jury, and reported to the court, on the matter lawfully submitted to them in the course of the trial of a cause. 2 Bouv. L. Dic. 65.

Strict form is unnecessary in the verdict as given by the jury, if it can be ascertained what the intention of the jury is. *Thompson* v. *Musser*, 1 Dall. 458.

If the point in issue can be collected from the finding, the court will put the verdict into form, and make it serve according to the justice of the case. *Porter* v. *Rummery*, 10 Mass. 64; *Crozier* v. *Gans*, 1 Bibb, 257; *Pichett* v. *Pichett*, 2 Bibb, 178 ; *Dennis* v. *Parker*, 2 Bibb, 427.

Every reasonable construction is to be adopted in support of the verdict. *Huntingler* v. *Ripley*, 1 Root, 321.

In a criminal case the verdict is sufficient if the proper judgment to be rendered upon it can be pleaded in bar of another indictment for the same cause. *Chamber* v. *The People*, 4 Scam, (Ill.) 351.

No peculiar form of words is necessary ; it is sufficient if the meaning be clear. *Harrell* v. *Stringfield*, 1 Morris, 18.

A verdict which clearly expresses the intention of the jury will not be set aside. *Cane* v. *Watson*, 1 Morris, 52.

If the verdict is sufficiently certain to be rendered certain, it is good. *Burton* v. *Anderson*, 1 Texas, 93.

Verdicts are to have a reasonable intendment and to receive a reasonable construction, and are not to be avoided except from necessity. *Simmons* v. *Rarden*, 9 Ga. 543.

A verdict is sufficiently certain if a reference to the record can render it certain. *Smith* v. *Johnson*, 8 Texas, 418.

A verdict is not bad for informality if the finding of the matter may be concluded from it. *Allen* v. *Aldrich*, 9 Fost. 63.

If the verdict substantially passes upon all the issues tried, and substantially answers all the interrogatories, and is not specially objected to for form before the jury are dismissed, it must stand. *Algier* v. *Maria*, 14 Cal. 167.

It can hardly be expected that verdicts of juries will always be in precise conformity with the letter of the law, nor in the technical language of the books ; and, therefore, if the verdict of the jury is entirely responsive to the charge in the indictment, and the law, and is clear and intelligible, it is sufficient. *Hart* v. *The State*, 38 Texas, 383.

Where the verdict was, " We, the jury, find the defendant ' gilty ' as charged in the indictment, and assess his punishment at a ' turm ' of ' too ' years," it was held that bad spelling would not vitiate the verdict, and that the verdict could not be misunderstood. *Koontz* v. *The State*, 41 Texas, 570.

Technical objections to verdicts for want of form will be disregarded, but the verdict must be sufficiently certain to show what the jury intended. *Lindsay* v. *The State*, 1 Texas Ct. of App. 327.

These decisions narrow down the question to whether the meaning and intention can be clearly understood from

the words used by the jury in their verdict, and, to my mind at least, dispose of this question. The evident meaning and intention of the jury, as plainly appears, was to find the defendant guilty, and confine him in the penitentiary for two years.

WHITE, J. It is unnecessary to notice but a single point presented by the record in this case. This point is thus made to appear in the motion for a new trial, which was overruled, to wit:

"2d. Because it does not appear from the record that there was a finding by the jury, whose province alone it was to find him (defendant) guilty or not guilty.

"3d. Because the verdict of the jury is vague, uncertain, and unintelligible, and will not sustain a judgment of conviction against him (defendant) as charged in the indict-ment."

The verdict actually returned by the jury into court, as shown by the affidavit of the district clerk, was in the following words: "We, the jury, the defendant guilty, and assess the punishment at two years' confinement in the penitentiary at hard labor. T. A. Hill, foreman."

It will be noticed that the word "find" is left out of the verdict; but in the judgment it was supplied. The questions are, Was the verdict as rendered a good and sufficient one; and, if not, could the court make it sufficient and certain by supplying the defects and omissions in it?

A verdict is the opinion declared by a jury as to the truth of matters of fact submitted to them for trial. It is the determination of a jury upon the matters of fact in issue in a cause, after hearing the case, the evidence, and the charge of the court. Burrill defines a verdict to be "the answer of a jury made upon any cause, civil or criminal, committed by the court to their examination." 2 Burr. L. Dic.

Contrary to the rule of practice in criminal cases at com-

mon law,. our statute evidently contemplates that the verdict of a jury in a criminal case shall be in writing ; for it is provided that, "when the jury have agreed upon a verdict, they shall be brought into court by the proper officer, and if, when asked, they answer that they. have agreed, the verdict shall be read aloud by the clerk ; and if in proper form, and no juror dissents therefrom, and neither party requests to have the jury polled, the verdict shall be entered upon the minutes of the court." Pasc. Dig., Arts. 3088, 3090.

Again : "The verdict in every criminal action must be general ;  *   *   * where the plea is, not guilty, they (the jury) *must find* that the defendant is either ' guilty ' or ' not guilty,' and in addition thereto they shall assess the punishment, in all cases where the same is not absolutely fixed by law to some particular penalty." Pasc. Dig., Art. 3091.

"Art. 3092. If the jury find a verdict which is informal, their attention shall be called to it ; and with their consent the verdict may, under the direction of the court, be reduced to proper form."

From the above rules it seems evident that it is intended that the jury must, by their verdict in writing, "*find* the defendant," in a criminal case, either guilty or not guilty ; and that no informality in their verdict can be corrected save with their consent.

In this respect the rule is different in criminal and civil cases. In the latter it has been held that strict form is unnecessary in the verdict as given by the jury, if it can be ascertained what the verdict of the jury is ; and again, that, although a verdict is informal and does not find the issue in terms, yet, if a finding of the matter in issue may be concluded out of it, it is sufficient. *Thompson* v. *Musser*, 1 Dall. 458 ; *Jones* v. *Julian*, 12 Ind. 274 ; *Porter* v. *Rummery*, 10 Mass. 64 ; *Crozier* v. *Gano*, 1 Bibb, 257 ; *Pickett*

v. *Pichett*, 2 Bibb, 178 ; *Denny* v. *Parker*, 2 Bibb, 427 ; *Cane* v. *Watson*, 1 Morris, 52 ; *Allen* v. *Aldrich*, 29 N. H. 63 ; *Petters* v. *Bingham*, 10 N. H. 514 ; *Lowery* v. *Brown*, 3 Sneed (Tenn.), 17 ; *Dyer* v. *Hatch*, 1 Ark. 339.

But even in civil cases a verdict which is uncertain in a material point is void.   *Sutton* v. *Barrett*, 1 Mass. 153 ; *Hayward* v. *Bennett*, 3 Brev. 113.   And it seems that in civil cases a verdict cannot be amended by the court, in a matter of substance.   *Wallace* v. *Hillard*, 7 Wis. 627.

In criminal cases it is the duty of the court to require an incomplete verdict to be made complete before receiving it. *Cook* v. *The State*, 26 Ga. 593.

In the case of *Sargent* v. *The State* it was held that, " after the verdict has been received and the jury discharged, the control of the jury and of the court over such verdict is at an end.   The court cannot alter it, nor can the jury be recalled to alter or amend it."   11 Stan. (Ohio) 472.

In the case of *Ross* v. *Austill* it was held that " the verdict must conform to the issues, and if the court, instead of having the verdict corrected by the jury, attempt to correct it by the judgment, and go beyond the verdict, it is error." 2 Cal. 183.

For the reason that the verdict in this case is not such a finding as is required by law, and because the court erred in attempting to correct the defect in the verdict by supplying it in the judgment, when it should have granted a new trial instead, the judgment is reversed and the cause remanded.

*Reversed and remanded.*