LITTLE
ROCK,
July, 1838.

MEANS
vs.
CROMWELL
and
GUTHREY.

WILLIAM B. MEANS *against* CROMWELL AND GUTHREY.

APPEAL *from Jackson Circuit Court.*

By the laws of this State, if a non-resident plaintiff fails to file a bond for costs when he institutes his suit, or if a resident plaintiff becomes non-resident after the institution of his suit, and fails to file a bond for costs, after the defendant or the officer of the court has taken the proper steps to compel him to do so, the defendant may take advantage of it, either by plea in abatement, or motion founded upon the affidavit and notice mentioned in the Statute:  And the clerk or sheriff may move to dismiss on notice without affidavit.

When the objection is taken by a motion, the plaintiff may file his bond at any time before the motion is actually made in court, and proceed with his suit.

The omission to file a bond for costs, is matter in abatement only, where a non-resident sues.  If the plaintiff becomes non-resident after the commencement of his suit, it may be pleaded in abatement *puis darrein continuance.*  And when such plea in abatement is filed, the plaintiff cannot subsequently file his bond for costs, but must take issue on the plea.

The want of a bond for costs cannot be taken advantage of by motion, without affidavit or notice.

This was an action of debt commenced in the court below by the appellant against the appellees, to May Term, 1838.  At the return term the appellees moved to dismiss the suit, because the plaintiff was a non-resident of the State at the time of commencing the suit, and no bond for costs was filed at or before the commencement of the suit. These facts being proven, the court sustained the motion, and the suit was dismissed, from which judgment of dismissal an appeal was taken,

HAGGARD, for the appellant:

It will be seen that any lawyer may issue writs, &c.  See *McCampbell's Digest*, 324, at top of page; and section 5, 6, 7, and 7, Judicial Proceedings, that if costs are secured to officers, &c. the object of the law is complied with.   The statute as to costs is remedial, and, therefore, should be construed liberally.   It is wholly immaterial whether the bond is filed or dated, provided it is in time for an indemnity, and a recovery can be had upon it.  That a recovery could be effected upon the bond taken in this cause, seems to the counsel most clear.— Then, it was error in the court to dismiss the suit.  The record is very inartificially made out: no date given to the judgment.   The bond is made a part of the record.  If the judgment should be affirmed the

LITTLE
ROCK,
July, 1838.

MEANS
*vs.*
CROMWELL
and
GUTHREY.

costs will be collected from the obligors in the bond for costs. The bond should be either available, or void *in toto.* If void *ab initio,* it is no office paper, and no recovery can be effected on it. It would be no answer to an action on said bond, to say that it was dated and filed after the impetration of the suit, and therefore void. Such bonds are recognized; and while they are in full force, the suit cannot be dismissed on account of the date of them. *Haerat in litera; haerat in cortice.* The judgment should be reversed.

RINGO, *Chief Justice,* delivered the opinion of the court: This is an action of debt brought by *Means* against *Cromwell* and *Guthrey,* in the Jackson Circuit Court.

The declaration was filed, and writ issued on the 26th day of April, 1838, returnable to the next May Term of said court. At the return of the writ, the defendants moved the court to dismiss the suit, on the ground that the plaintiff was a non-resident of this State, at the time the suit was instituted, and did not file with the Clerk before the institution thereof, a bond with security for costs, as required by law. This motion the court entertained, and the facts being established, dismissed the case, and rendered judgment for costs against the plaintiff:— whereupon the plaintiff appealed, and has prosecuted his appeal to this court.

The errors assigned by the appellant present two questions for the consideration and decision of this court: 1st, Did the court err in dismissing the suit *on motion, without either plea or affidavit?* 2d, Did the court err in deciding that a bond for costs, filed and dated after the institution of the suit, but before the trial, did not entitle the plaintiff to maintain his suit against the defendant?

The act of July 3d, 1807, provides that "in all cases where the "plaintiff resides out of this Territory, in *qui tam* actions, in suits on administration bonds, office bonds, and the *defendant making affidavit* that he has a just cause of defence against the whole of the plaintiff's demand, the court in which such suit is commenced may grant a rule that the plaintiff give security for costs at the next term; and for want of security the court may, on motion, order judgment of non-suit to be entered." *Arkansas Dig.* 315.

The act of the 7th November, 1808, contains the following provisions—that "every person who shall not be resident within this Territory shall, before he institutes any suit in the courts of this Territory,

LITTLE
ROCK,
July, 1838.

MEANS
vs.
CROMWELL
and
GUTHREY.

file, or cause to be filed, a bond with sufficient security, with the Clerks of the court where his suit is instituted, for the payment of all costs which may accrue in said suit; and if at any time after the commencement of a suit by a resident, he should become non-resident of this Territory, it shall be the duty of such suitor to file his bond as aforesaid;—and it shall be lawful for the defendant, or the Clerk or Sheriff in the court in which such suit is brought, to give at least one month's notice to the plaintiff aforesaid, his known agent or attorney, that a motion will be made to dismiss the suit from the docket, provided bond and security for costs is not filed, and in case of neglect or refusal to comply with such notice, it shall be the duty of every court *on motion* to dismiss such suit.

"If, at any time, a court shall be satisfied that the plaintiff is unable to pay the costs of suit, or that he is so unsettled as to endanger the officers of the court with respect to their legal demands, it shall be lawful for the court to direct that a notice should be served on such plaintiff, his attorney, or agent, requiring him to file a bond with security for costs, on default of which his suit shall be dismissed." *Arkansas Dig*. 315.

These provisions of law are obviously intended to accomplish the double purpose of securing the defendant, and the Clerk and the Sheriff, in the court where the suit is instituted, against hazard or loss, arising either from the fact of the plaintiff's non-residence in the State, at or after the time of the institution of the suit, or from his unsettled condition, or his inability at any time to pay the costs of suit, for which he may be liable; and protecting the plaintiff from vexation or surprise, by imposing upon the defendant, if he makes the motion, the necessity of supporting his motion by affidavit, stating that he has just cause of defence to the whole of the plaintiff's demands, and requiring in all cases, at least one month's notice of the motion, to be given to the plaintiff, his known agent, or attorney.

With a view to the former, every non-resident plaintiff at the time of the institution of his suit, is expressly required to file a bond, with sufficient security for the payment of all costs which may accrue in the suit, before he institutes any suit in the courts of this State. And a resident plaintiff becoming non-resident after the institution of his suit, is in like manner expressly required to file a similar bond. And in either case, upon the failure of the plaintiff to comply with the requisitions of the Statute, the defendant may avail himself of the default,

LITTLE
ROCK,
July, 1838.

MEANS
vs.
CROMWELL
and
GUTHREY.

either by a regular plea in abatement, setting forth the facts on oath, and filed in due time, or by a motion to dismiss the suit from the docket, founded on his affidavit stating "that he has a just cause of defence against the whole of the plaintiff's demands," and a notice of such motion served on the plaintiff, or his known agent, or attorney, at least one month previous to the motion being made; and the Clerk or Sheriff may, upon the like notice, without affidavit, make a motion to dismiss; but in either case, when the objection is taken by a motion to dismiss, the plaintiff is authorized by a just and liberal construction of the statutory provisions before recited, to file his bond with security, at any time before the motion is actually made in court, and if the bond be good and the security sufficient, the court is bound to receive it, and the plaintiff is at liberty to proceed with his suit; but if no bond is filed, or the bond or security, if one be filed, is insufficient, the suit may, upon affidavit and notice, or notice simply, if at the instance of the Clerk or Sheriff, be dismissed on motion.

By this construction, effect is given to the several provisions of the before recited acts of 1807 and 1808, passed in *pari materia*, and the apparent conflict between them obviated, and the policy and objects of both maintained and enforced.

The tribunals of justice are open equally to residents and non-residents, and although the language of the Statute is express and imperative, yet the disability imposed by it upon persons; non-residents in the State, is in its character, temporary and personal, it neither impairs his right of action, or prohibits the court from exercising jurisdicution in the case; but merely suspends his right to sue in the courts of the country, until he shall become a resident of the State, or file a bond with security for the payment of the costs of his suit.

In every point of view, therefore, in which it can be considered, it is matter in abatement only, and must be so regarded. *Hopkins* vs. *Chambers, &c.* 7 *Monroe*, 254; 1 *Chitty*, 479, 480. And, therefore, it is, that the defendant may take advantage of it by *plea in abatement* for, and on account of, the disability of the plaintiff to sue without having filed bond and security for costs, when he was non-resident, at the time of the institution of his suit; and for the like reason, if he was resident at the period of the institution of his suit, but afterwards becomes non-resident of the State, without filing bond with security for costs, as required by the Statute. This may be pleaded in abatement, *puis darreir continuance*, in like manner as the death of a sole plaintiff,

or any other disability to prosecute the suit arising after the commencement thereof; and this is, in the opinion of the court, the most certain, efficient, and approved method of taking advantage of the omission of the plaintiff to file bond with security for costs, as required by law.

By adopting this practice, the plaintiff would be deprived of the advantage of subsequently filing the bond, allowed him on the motion to dismiss, and would be driven necessarily to take issue, either upon the fact of his non-residence, or his having filed the bond, as required by the Statute before the institution of the suit, or before he removed from the State, if he was resident therein when the suit was commenced. *Jones* vs. *Lacy*, 3 *J. J. Marshall*, 543.

We are aware that a different practice has prevailed in this country, and that motions to dismiss, for the failure by non-resident plaintiffs to file bond with security for costs, before the institution of their suits have been generally entertained, without either affidavit or notice; but this practice, however it may have been indulged, or permitted by the courts, is, in our opinion, repugnant to the letter as well as the spirit of the law, and entirely subversive of its most wise and salutary provisions.

We are, therefore, of opinion, that the Circuit Court did err in dismissing the suit, on the motion of the defendants, no affidavit having been made, or notice of the motion given to the plaintiff, his known agent or attorney, as required by law; and for this error, the judgment must be reversed with costs, the cause remanded to the Jackson Circuit Court, and reinstated on the docket of said court, for further proceedings to be there had, according to law, and not inconsistent with this opinion.

The same opinion and judgment were given in the case of *William B. Means* against *William Null*, as in the foregoing case; the points in the case being precisely the same.