IN THE

## SUPREME COURT

OF THE

# STATE OF ARKANSAS,

**In January Term, A. D. 1840, being the sixty-fourth year of our Independence.**

---

JOHN CLARK *against* WILLIAM C. GIBSON.

### ERROR *to Chicot Circuit Court.*

Where it is assigned for error that the court below erred in overruling a motion to dismiss for want of a bond for costs; in order to obtain a reversal, the record must establish the non-residence of the plaintiff. If it does not, the presumption is in favor of the decision below.

The want of bond for costs, where the plaintiff is a non-resident, may now be taken advantage of by motion : but the law now allowing that to be done, does not change the nature of the defence, or prescribe the time within which the defendant shall be at liberty to avail himself of it.

It is, therefore, still matter in abatement only, whether interposed by plea or motion; and if, instead of availing himself of this defence at the proper time, the defendant interposes a defence to the merits, he waived the objection altogether.

And the rule is the same whether he pleads generally to the merits, or demurs, before or after his motion to dismiss. In either case he waives the objection.

If the writing sued on be not made a part of the record by oyer or otherwise, it is no part of the record, though a copy of a writing agreeing with that sued on is found among the papers. And it makes no difference that oyer was regularly craved, if the record does not show that it was granted.

This was an action of debt brought by *Gibson* against *Clark*, on a writing obligatory for the sum of $2,000. The declaration was in technical form, and sufficient. A bond for costs was filed, in the condition of which it is stated that Gibson was a non-resident. The defendant craved oyer, but there was no showing on the record that his prayer was either granted or refused; although the transcript contained a copy of a bond for $2,000, executed by Clark and others.

The final entry in the case, and the only material one after the prayer of oyer, was, that the defendant moved to dismiss for want of a sufficient and legal bond for costs, which was overruled.   He then demurred to the declaration, the plaintiff joined, and the demurrer was overruled, and judgment was rendered for the plaintiff by *nil dicit.* To this judgment the defendant below sued his writ of error.

TRAPNALL & COCKE, for plaintiff in error:

The declaration describes the joint and several obligation sued on in this case, as a several obligation only; and the only question presented by the record, is, is there such a variance between the allegation and evidence, that the plaintiff does not show, by his pleading that he is entitled to a judgment.

*Chit. p.* 271, lays down the rule to be that a trifling variation in setting out a contract, a record, or written instrument is *fatal:* because it does not appear that the contract given in evidence is that on which the plaintiff declares.

*Starkie,* upon the same subject, *p.* 1520, says, it is in the nature of things impossible that a transaction detailed upon the record, can be identical with the one proved, if the proof vary in the slightest particular, be it in its own nature ever so insignificant.

These plain and simple rules, which are of universal application, are fully illustrated in the case of *Bristow vs. Wright, Doug.* 665, and established by Lord Mansfield in an unanswerable argument.  *Chit. in pages* 274, 275, 276, and 316, 317, has compiled a number of cases, exemplifying the same principles, under almost every combination of circumstances.

From all which, it will appear, that every variation as to date, sum, names, or nature of obligation, is a matter of description, is invariably held to be fatal to the pleading.

In this case the statement of the joint obligation is essential to the correct description and identity of the instrument.   Although the obligors are liable in a joint as well as in separate actions, yet the joint and several promises cannot be separated in describing and distinguishing the obligation sued on.

A joint and several obligation occupies a middle ground between

joint obligations and several ones, and whilst it has the features of each, it is entirely of a distinct and different nature, and a description of a several obligation, would no more comprehend a joint obligation than a joint and several one.

And this will be seen, not only by referring to the forms of Chitty, where the contract is always described as joint and several in suits against the several obligors, but in a great number of cases decided in the New-York and Kentucky Reports upon the same subject.

ASHLEY & WATKINS, *contra:*

No question can arise as to the sufficiency of the bond for costs. It is in conformity with *Steele* and *McCampbell's Digest*, under which the actions were commenced, and the bonds for costs given. Even if the bonds are defective, the objections were not taken in apt time; but, after the defendant had attempted to make himself a party to suit, by entering an appearance for the purpose of demurring. And, in any event, the provision in *Steele* and *McCampbell, tit. Judicial Proceedings, sec.* 5, requiring a bond for costs in the case of a non-resident plaintiff is only declaratory without any sanction, except such as the *Circuit Court*, by a rule upon the party, may impose. And this court has decided the want of a bond for costs to be a defect which may be cured at any time during the progress of the cause, and according to the rule established by this court in cases arising under the old Digest, the objection was not aptly taken, because it should have been by plea in abatement, and not upon motion: nor is there any evidence going to show this court, or the court below, that the defendant in error was a non-resident, either at the time of the motion being made, or at the commencement of the suit; so the court below erred only in entering the motion to dismiss, instead of striking it off the files.

The record in these cases presents nothing but a regular and valid judgment by *nil dicit*. True, the defendant below, after the grant of oyer, attempted to demur for a variance. But, as I understand the statutory provisions concerning demurrers, if sufficient appeared in the proceedings to enable the court below to give judgment, it was

bound to do so, according to the very right of the cause, unless the party demurring had specially set out in his demurrer, any such defect or imperfection as would have been ground of general demurrer at the common law. *Rev. Stat. tit. Prac. at Law, sec.* 60. The plaintiff in error did not set out any defect or imperfection in his demurrer, and the question whether such defect or omission in the demurrer, can (in the face of the positive Statute) be waived by any act or consent of the parties, does not arise in this case, because, the defendant in error did not join in the demurrer, or in any way make himself a party to it. So the court below acted properly in wholly disregarding such a demurrer, and in omitting to render any judgment upon it.

As regards the merits of the case, sufficient appears upon the declaration and the writing obligatory given in oyer, to entitle the plaintiff below to judgment, in other words the declaration is a good one, and the action is rightly brought.

The writing obligatory sued on in this case is in terms a joint and several one. The general principle on this subject is that a *contract* written, or instrument, should be declared on according *its legal effect.* 1 *Chit.* 334; *Stephen on Plead.* 432; *Gould's Plead.* 182; and the cases there cited. According to its legal effect then, the writing obligatory in this case, was as much the individual obligation of the plaintiff in error as if he alone had executed it. The parties may be sued jointly or separately, the note may be, and usually is, stated to have been made by the defendant alone. *Chit. on Bills,* 7th *ed.* 346. When a contract is joint and several, in an action against one it is not necessary to notice the other. 2 *Chit. Plead.* (7th *Am. ed.*) 116; and see, also, *Gould's Plead.* 206, *sec.* 69; *ib.* 278, *sec.* 114.

*Quere.* Is not a grant of oyer wholly inoperative unless the defendant avails himself of it to some substantial purpose, as to demur specially for a variance, or to set out the deed in pleading.

This the defendant below did not do, and can the court here notice any thing in this record save a plain declaration upon a several writing obligatory. The appearance of the defendant in a valid manner and a valid judgment by *nil dicit.*

Clark *against* Gibson.

RINGO, *Chief Justice*, delivered the opinion of the Court:

The plaintiff by his assignment of errors, to which there is a joinder, presents but two questions. 1st. Did the court err in overruling his motion to dismiss the suit for the want of a sufficient bond for costs ? 2d. Did the court err in overruling his demurrer to the plaintiff's declaration? The fact that the plaintiff was a non-resident of this State when the suit was commenced, is not established by any thing contained in the record, and, therefore, upon the principles stated and acted upon by this court, in the case of *Smith, et als., vs. Dudley, ex'r of Talbot, dec'd,* decided at the late term thereof, we are bound by law to presume that the decision of the court, refusing to dismiss the suit on that ground, was correct. In addition to which, it has been held by this court, in the case of *Means vs. Cromwell,* 1 *Ark. Rep.* 247, that the failure of a non-resident plaintiff to file bond and security for costs, is matter in abatement only, which may be taken advantage of by plea, or motion made in pursuance of the provisions of the Statute in such case provided, and although that decision, so far as it relates to the taking advantage of this objection to the proceedings by motion, was governed by statutory provisions since repealed; yet the Statute, approved March 3, 1838, *Rev. Stat.* 201, under the provisions of which this motion was made, notwithstanding it changes materially the law on this subject, as to the manner of interposing this defence by motion, does not in any respect change the nature of the defence itself, or prescribe the time within which the defendant shall be at liberty to avail himself of it; and, therefore it must be regarded still as matter in abatement only, and whether interposed by plea or by motion made under the provisions of this Statute above cited, when the plaintiff is a non-resident of this State at the time of the institution of his suit, must be made in the order, and within the time prescribed by law, for pleading in abatement any personal disability of the plaintiff to sue; and if the defendant, instead of availing himself of this defence at the proper time, interposes a defence to the merits of the action, the law regards him as waiving the objection altogether, upon the same principle, by which the defendant is precluded by law from insisting upon any other matter of defence in abatement, if he omits to take advantage of it in the established order of pleading,

or pleads to the action itself, in bar thereof, either before or after presenting the matter in abatement: and upon this principle the defendant below must be considered as waiving upon the record, his motion to dismiss, when he demurred to the declaration, and his adversary joined in the demurrer. The law regards a general demurrer to the declaration as a defence to the action itself, in bar thereof, and therefore does not permit him to assign as error any thing in the decision or judgment of the court given upon said motion; for it appears that he has, by his own voluntary act, waived this matter of defence, and rested his defence upon matter in bar of the action itself.

The second question presented by the assignment of errors, although argued at the bar, and mainly relied upon by the plaintiff, that there is a material variance between the obligation set forth in the declaration, and the one exhibited upon oyer, is not presented by the record before us, because it does not appear therefrom that oyer of the writing obligatory sued on, though regularly craved, was ever granted; and notwithstanding a joint and several writing obligatory, purporting to have been made and executed by the defendant below, and three others, whose names are not mentioned in the declaration, corresponding in every other respect with the one therein mentioned and described, appears in the transcript of the record before us, it does not in any manner authorized by law appear to have been made a part of the record of this case; and, therefore, this court in adjudicating the case, is not at liberty to regard it as a part of the record thereof. Divested of which, the record presents simply a declaration in debt, upon a writing obligatory, legally sufficient and technically formal in all its parts, the demurrer to which was correctly overruled by the court.

Wherefore, it is the opinion of this court, that there is no error in the judgment of the Circuit Court given in this case for the defendant in error, and that the same ought to be, and is hereby, in all things affirmed with costs.