ALBERT W. WEBB *against* JONES AND PRESCOTT.

ERROR *to Chicot Circuit Court.*

The failure or omission of a non-resident plaintiff to file bond for costs before he in-
stituted suit, is matter in abatement only : and if the defendant pleads in bar, the
objection is waived.
No question upon a demurrer to a plea in abatement can be raised in this court, if,
after demurrer sustained, the defendant pleaded in bar.
Where a petition in debt under the statute states the plaintiffs to be " the legal owners
of a writing obligatory against Albert W. Webb," and sets out verbatim a writing
obligatory signed " A. W. Webb," it is sufficient : and it is not necessary to aver
that he signed it by his style, &c., of A. W. Webb.

This was an action instituted by *Prescott* and *Jones* against *Webb,*
by petition and summons, in the Circuit Court of Chicot county.   The
petition stated that the plaintiffs were the legal owners of a bond
against Albert W. Webb, and set out a bond, verbatim, signed " A.
W. Webb."   At the term to which the summons was returnable, the
defendant below appeared, and moved the court to dismiss the suit, on
the ground that no sufficient bond and security for costs had been
filed by the plaintiffs before the commencement of the suit, as required
by law, they being non-residents of this State; but his motion was
overruled by the court.   He then pleaded in abatement of the suit,
the pendency of another action for the same cause, to which plea the
plaintiffs demurred, and upon argument the demurrer was sustained,
and the plea adjudged by the court insufficient to abate the suit.
Whereupon, the defendant prayed oyer of the writing obligatory set
forth in the petition, which was granted, and he thereupon demurred
to the petition, and the plaintiffs joined in the demurrer, which upon
argument was overruled by the court, and the petition adjudged suffi-
cient; and the defendant not saying any thing further in bar of the
action, final judgment was thereupon given in favor of the plaintiffs
for the debt in the petition mentioned, with interest thereon as dam-
ages, at the rate of ten per cent. per annum from the sixteenth day of
March, A. D. 1838, until the same should be paid, and all the costs
of suit.

TRAPNALL & COCKE, for plaintiff in error:

By the *Revised Code*, sec. 1, *page* 201, non-residents are required before they institute suit, to file in the office of the Clerk of the Circuit Court, in which the action is to be commenced, the obligation of some responsible person being a resident of this State, by which he shall acknowledge himself bound to pay all costs which may accrue in such action. The court will find that the bond filed in this case does not comply with the requirements of this law. It is a conditional obligation by which the obligor binds himself that Prescott and Jones will pay all costs which may accrue in said suit, and in the event of their failing to do so, that he will himself pay. Whereas, the statute requires an absolute and unconditional bond from some responsible person, a resident of this State. A statutory bond must pursue the statute, or it is fatally defective. *McDaniel vs. Sappington*, *Hardin's Rep.* 95.

The petition sets out that " Albert W. Webb" executed his note; and the note is signed by " A. W. Webb," and there is no alias dictus or averment that Albert W. Webb and A. W. Webb are the same person. For want therefore of sufficient legal certainty and identity, the court should have sustained the demurrer.

FOWLER, *Contra:*

The first question has already been settled during the present term, in the case of *Clark vs. Gibson.* And the right to raise said question here was waived below, both by a plea and a demurrer to the declaration.

The second question presented, to wit: that the demurrer to the declaration was improperly overruled, although not definitely settled by this court, is believed to be equally unavailing. This being a petitory action under the statute, enacted for the benefit of plaintiffs, in the collection of liquidated debts, and designed to strip legal proceedings, in such cases, of their unmeaning technicalities, should be liberally construed so as to carry into effect the intention of the Legislature. All the requisite averments, technically necessary in a declaration at common law, are contained, in substance, in a petition. The form of the petition is given in the statute, and the plaintiffs below literally complied with that form. But it may be contended that inasmuch as

the writing was signed only with the initials of Webb's name, there should have been a distinct and specific averment in the petition that Albert W. Webb and A. W. Webb were one and the same person. We contend that if such averment be necessary, it is substantially and sufficiently made. The petition, in the language of the statute, expressly avers that the plaintiffs below were the legal owners of a writing obligatory " against the defendant Albert W. Webb," to the following effect; and then gives a copy of said writing obligatory, signed " A. W. Webb," making Albert W. Webb the same person as clearly as if it had charged that the said Albert W., by the name and description of A. W., made the writing obligatory. The demurrer to the declaration or petition was therefore properly overruled.

RINGO, *Chief Justice*, delivered the opinion of the Court:

In the cases of *Means vs. Cromwell and Guthrey*, 1 *Ark.* 247, and *Clark vs. Gibson* as well as some other cases, decided by this court, the failure or omission of a non-resident plaintiff, to file a bond with security for the costs of suit, before he institutes suit in the courts of this State, is held to be matter in abatement only, of which advantage may be taken in the course of the proceeding, at such time only, as of any other legal disability of the plaintiff to sue; but this, as well as every other matter in abatement, existing at the time of pleading to the action in bar thereof, is thereby waived, and the party cannot avail himself of it, either in this court, or the court below, and upon this principle the right of the plaintiff in error, to avail himself of any error in the judgment of the Circuit Court, in refusing to dismiss the suit, on his motion, for the want of a sufficient bond and security for costs, and adjudging his plea of *auter action pendant* insufficient in law to abate the suit, upon the demurrer of the defendants in error, must be denied. See *Dyer vs. Hatch*, 1 *Ark.* 339. And, therefore, as the plaintiff in error subsequently interposed a general demurrer to the petition, which according to the principle recognized by this court, in the case of *Clark vs. Gibson*, decided at the last term, must be regarded as a plea to the merits of the action, in bar thereof, he cannot now avail himself of any error in the adjudications of the Cir-

Webb *against* Jones and Prescott.

cuit Court in relation either to his motion to dismiss, or his plea in abatement.

The only question remaining to be decided, is whether the court below erred in overruling the demurrer to the petition, and pronouncing the final judgment thereupon. The petition conforms strictly to the form prescribed in the statute, and the writing shown upon oyer, corresponds in every particular, with the statement of it in the petition. The objection urged in support of the demurrer, is that there is no averment in the petition that the defendant Albert W. Webb is the same person who executed the obligation upon which the suit is founded, bearing the signature of A. W. Webb, only. This is rather a criticism upon the form prescribed by the statute than a substantial legal objection to the petition, which although it does not in express language contain any specific averment that the obligation therein set forth is the writing obligatory of the defendant, Webb, or that it was made or sealed by him, is a literal copy of the form prescribed by the statute, and explicitly states that the plaintiffs below " are the legal owners of a writing obligatory to the following effect," which is copied therein immediately after said statement; which, in our opinion, is substantially an averment that it his deed; for we cannot conceive how it can possibly be a writing obligatory against him, if he never executed, or sealed and delivered it as such. We are therefore of the opinion that the demurrer was rightly overruled. Wherefore the judgment of the Circuit Court is affirmed with costs.