## EATON vs. JOINT SCHOOL DISTRICT No. 3, etc.

*New trials. — Building contracts — Risk of the builder.*

1. Where there is slight evidence to support the verdict, the appellate court will not interfere with the decision of the court below refusing a new trial; otherwise, where there is *no* evidence to sustain the verdict.
2. Where a building, erected under an entire contract, is burned before its completion, it is the builder's loss, unless the other party have actually accepted the building before the fire.

APPEAL from the Circuit Court for *Richland* County.

Action to recover the contract price for the erection, of a school-house, which, before completion, was burned to the ground. The essential facts proved on the trial are stated in the opinion.

Verdict and judgment for the plaintiff. Defendant moved for a new trial on the ground that the verdict was contrary to the evidence ; and appealed from an order denying his motion.

*G. C. Hazleton,* for appellant.

*M. M. Cothren,* for respondent.

PAINE, J.   It is not claimed that the court below did not correctly instruct the jury when it told them that, as the contract was entire, the building having been destroyed by fire before its completion, the plaintiff could not recover unless it had been accepted by the district. But this being the law applicable to the case, I am unable to see how the motion for a new trial, on the ground that the verdict was against the evidence, could have been overruled. Where there is some evidence upon which the finding of the jury can fairly be supported, this court would not interfere with the action of the court below in refusing a new trial, although we might consider the verdict against the weight of evidence. But where there is no evidence to support the verdict at all, it is the duty of the court to set it aside, and of this court to correct its action, if it refuses. Such seems to me to be the case here.

I can see no evidence tending to show that the building was ever accepted by the district ; and the bill of exceptions states that it contains all the evidence. If it did not, of course this question could not be considered here at all.

The counsel for the respondent states, in his brief, that all the evidence is not contained in the bill. This may be so, but we are bound by the record, and where that states that all the evidence is given, we are bound to pass as a matter of law upon the question whether there is any evidence to support the verdict. As I have already said, it seems to me that here there is none. In the first place, there is a very great inherent improbability that the building was accepted. It was unfinished. It was not completely lathed, and was not plastered at

all.   Why should men of ordinary sense accept a building in that condition, where the contract was to complete it?   The improbability that they would do so is so great that it would seem to require considerable proof to overcome it.   But here the proof is all in accordance with it.   Every officer of the district who testified on the subject, said that it never was accepted.   The plaintiff does not state that it was; and on the contrary it appears that he repeatedly made statements after the building was burned, showing that he considered the building as being at his risk at that time.   He said it was not so great a loss to him as it might have been, because he had it insured.   What is there, then, to support this verdict?   Certainly the consent or advice of the officers of the district that the plastering should be postponed on account of the cold weather, until after the time stipulated for the completion of the building, has no tendency whatever to show an acceptance of it as it then was.   It is no more than an extension of the time for its completion; and Craig, the treasurer, was undoubtedly correct when he said that it was so considered.   At all events, there is no ground for considering it otherwise.   It would be a strange perversion of the nature of an act, to say that a consent to delay the completion of a building was an acceptance of it without being completed at all.   This consent was given about the last of December; yet the plaintiff renewed his policy on the 17th of January, and again on the 17th of February, showing conclusively that he still considered the building as at his own risk; and it was only after discovering that his policy had expired just before the fire — in consequence of a mistaken belief on his part that the last renewal had been for sixty instead of thirty days — that he was induced to make any claim against the district.   There is no proof that the district took possession for the purpose of having Fuller put in the seats, which he had contracted to furnish.   On the contrary, the proof is, that Fuller was told that the

officers had no authority to let him in, and that he must apply to the plaintiff; and he did apply to the plaintiff, and was let in by him.

Nor were the payments made by Craig, the treasurer, any evidence whatever of an acceptance. Craig testifies that he and the plaintiff had dealt together for a long time, to the extent of several thousand dollars, and that this money was advanced upon an understanding between him and *Eaton* that it should be a private matter, but that if the building was accepted, it might then be applied in payment. And this the plaintiff does not contradict. It is, therefore, in entire harmony with all the other evidence in the case, and shows that the question of acceptance was reserved, as it naturally would be, until the completion of the building.

The evidence, therefore, on this point all tends to one conclusion, and that is, that the building was not accepted. There is nothing tending to show the contrary, and the motion for a new trial should have been granted, for the reason that there was nothing to sustain the verdict.

*By the Court.*—The judgment is reversed, and the cause remanded for a new trial.