WARREN, Adm'r etc., vs. CUMMINGS and another.

VERDICT. *Should stand, if supported by any evidence.*

1. Where there is no evidence at all to support the verdict, it is the duty of the court in which the verdict is rendered to set it aside, and of this court to correct its action if it refuses. But where there is evidence which will sustain the verdict, the motion for a new trial is mainly addressed to the discretion of the court below, and this court will not interfere.
2. In this action, which was on a promissory note, this court holds that there was evidence sufficient to sustain a finding by the jury that the note had been paid to the plaintiff's intestate, and therefore affirms an order of the circuit court refusing to set aside a verdict for defendants.

APPEAL from the Circuit Court for *Dane* County. .

Action by *T. M. Warren*, as administrator of the˙ estate of Marcus Warren, deceased, upon a negotiable promissory note, executed by defendants to. one Ward and assigned to,

the deceased in his lifetime. The defendants pleaded payment. On the trial, defendants produced as a witness Horace Miller, who testified: "Some five or six years ago, *Cummings* came to my house; I went with him to Lower Sauk, to Warren's (the deceased) office. *Cummings* said: 'I suppose you hold a note against me.' Warren replied he did, and searched for the note among his papers, and could not find it. I suggested he take a receipt, and Warren commenced writing, and *Cummings* counted out money and it was paid. Don't know how much. Warren said when he found the note he would mail it to him." On cross examination, witness testified: "I went to Sauk out of friendship for *Cummings*. He told me his business before we got there. When the money was paid only three of 'us were there — I, *Cummings* and Warren. I saw him give *Cummings* a paper. When we went over we crossed on the ice. Don't recollect that Martin Knie was there."

Martin Knie, a witness for defendant, testified: "I was in Warren's office when *Cummings* paid him money. It was four or five years ago. I did not pay much attention, but see *Cummings* pay Warren money, and Warren handed him a paper, I thought a receipt. There were two or three bunches of the money. Warren counted it. There were lots of other people there at the time. I know Horace Miller; I believe Mr. Miller went along with us." Cross examined: "It was in December, before Christmas. I went to Miller's house with *Cummings*. We — *Cummings*, Miller and I — went to Warren's together. We left our horses at Miller's; all three went to Warren's office, and walked across the bridge. We did not go over together on the ice. Miller was with me. There was a whole lot of people when we got into Warren's office; a half dozen. I talked with two Dutchmen. *Cummings* handed some money to Warren, and Warren counted it."

Verdict for defendants. Motion for new trial upon the minutes, on the ground that the verdict was contrary to law

and evidence, and that there was no evidence proving payment of the note, was denied; and plaintiff appealed.

*Welch & Botkin*, for appellant.

*Vilas & Bryant*, for respondent.

COLE, J. The ground on which we are asked to interfere with the ruling of the court below in refusing a new trial is, that the verdict was wholly unsupported by evidence. If there is no evidence at all to support the verdict, it is the duty of court to which the motion for a new trial is addressed, to set it aside, and of this court to correct its action, if it refuses. *Eaton v. Joint School District*, 23 Wis., 374; and *Van Doran v. Armstrong*, 28 id., 236. But where there is evidence which will sustain the verdict, the motion for a new trial is mainly addressed to the sound discretion of the court, and this court will not interfere. See *Barnes v. Merrick*, 6 Wis., 57.

Was there, then, any evidence which tended to prove the defense of payment of the note upon which the action was brought? It seems to us there was.

The witness Miller testified that, in December, five or six years before the trial, he went with the defendant *Cummings* to the office of Marcus Warren, the intestate, when a note was paid. True, he is not very clear or definite in his recollection as to the amount of money paid, or whether it was for principal or interest. The legitimate inference, however, to be drawn from his testimony is, that a note was then paid and discharged. Unless this were so, it is difficult to exempt him from the charge of deliberate falsehood. His testimony is corroborated by the witness Knie. It is said that there are discrepancies and even contradictions in the statements of these witnesses as to the payment of the note, the persons present, and the way they crossed the Wisconsin river. The testimony is certainly in conflict upon certain points; but it is in harmony upon the main fact in issue, the payment of money by *Cummings* to Marcus Warren in the latter's office. The evidence of the

payment of the note may be weak and rather vague.    It seems to us that it is.    But still we do not feel warranted in reversing the order of the court below.    The circuit judge heard and saw the witnesses on the stand, and he might have been satisfied, from their manner of testifying, that they were telling the truth in regard to the material point in the case.    But that there was evidence from which the jury might have inferred that the note had been paid, we think is indisputable.

It is said that the note about which the witnesses testified was not identified as being the one upon which this action is brought.    The obvious answer to this objection is, that it does not appear that Warren ever held any other note against *Cummings* than the one in question.    The presumption is that the payment was upon this note, and that the conversation in the office of Warren related to it.

.We think the order overruling the motion for a new trial must be affirmed.

*By the Court.*— Order affirmed.