## McNEILL vs. ROSS.

*Reversal of Judgment.*

Where there is some evidence to sustain the verdict, judgment will not be reversed on the ground that the verdict is unsupported by the evidence.

APPEAL from the Circuit Court for *Clark* County.

Defendant appealed from a judgment in favor of the plaintiff.

The cause was submitted on the brief of *MacBride & Grundy* for the appellant, and on that of *O'Neill & Sheldon* for the respondent.

LYON, J. The action was brought to recover a balance claimed by the plaintiff to be due him from the defendant for cutting and putting into a certain stream the pine timber theretofore standing and being upon a specified forty-acre lot.

The price for such labor was fixed by a parol contract between the parties. The complaint alleges, and the plaintiff testified on the trial, that for 100,000 feet of the timber so cut and put into the stream, the defendant agreed to pay him $5.50 per thousand feet. The defendant answered that the contract price therefor was $2, but testified on the trial that it was $2.50 per thousand feet. Each party introduced other evidence tending more or less directly to sustain his version of the contract. This is the only controversy in the case. The plaintiff recovered; and if he stated the terms of the contract correctly, the judgment is right.

We are asked to reverse the judgment on the sole ground that "the verdict is utterly unsupported by the evidence." From the foregoing statement of the evidence, it is certain that the ground is untenable. The plaintiff's testimony alone would prevent a reversal for that reason. Had his testimony been the only evidence in the case, the present judgment would have been inevitable. In a case like this we cannot disturb a judgment rendered pursuant to the verdict of a jury, even though we may think the testimony preponderates against the verdict.

*By the Court.* — Judgment affirmed.

RYAN, C. J., took no part.