The Wausau Boom Company vs. Plumer.

## The Wausau Boom Company vs. Plumer.

*March 15 — March 30, 1880.*

*(1) Reversal on issue of fact, after verdict.   (2) Deposition; what objections thereto must be taken before trial.   (3) Verdict: peculiar form in this case no ground of reversal.*

1. Where there was some evidence to support the verdict, it must stand, on appeal, unless there is such a preponderance of evidence against it as induces this court to believe that the jury acted perversely in rendering it.

2 An objection first taken at the trial, to the admission of a deposition, is too late where the defect alleged is merely technical, and might have been cured by amendment if the objection had been taken earlier. R. S., sec. 4091.

3. It appeared that plaintiff had earned, October 17, 1876, $2,108 for booming defendant's logs; that $500 of this was paid; and that, by special contract between the parties, $527 of the amount was not payable until a certain pending suit should be determined in this plaintiff's favor. The verdict declares that the jury "find for the plaintiff, and assess its damages at $2,108, amount to be paid for boomage in the following manner, viz.: $527 to be paid after the decision of the award suit; $500, amount paid by defendant 31st of July, 1876; leaving $1,081 due and payable on the 17th of October, 1876; $156, amount of interest [to the time of trial] at seven per cent.; making total amount due to date, less the amount to be paid at the decision of the award suit, $1,764." Upon this verdict plaintiff took judgment for $1,237, which was the sum last named less the $527 found to be not yet due.  The interest allowed was only upon the balance actually found due and unpaid October 17, 1876. *Held*, that the judgment, being for the exact sum found due, will not be reversed for the peculiarity in the *form* of the verdict.

APPEAL from the Circuit Court for *Outagamie* County.

Action to recover charges for boomage.  The plaintiff offered in evidence certain depositions, to the admission of which the defendant objected, because it appeared by the certificate of the commissioner by whom the depositions were taken, that they were taken to be used in an action pending in the *county* court of said county, whereas this cause was pending in the circuit court; but the objection was overruled.  There was a verdict for the plaintiff, the form of which is stated in the

The Wausau Boom Company vs. Plumer.

opinion, and which was received against defendant's objection. From a judgment on the verdict, defendant appealed.

For the appellant there was a brief by *Finch & Barber*, and oral argument by *Mr. Barber*.

For the respondent there was a brief by *Silverthorn & Hurley*, and oral argument by *Mr. Hurley*.

TAYLOR, J. There are but three errors alleged by the appellant in this case: *first*, that the verdict is excessive; *second*, that the court erred in admitting certain depositions to be read as evidence; *third*, that the verdict is imperfect, and ought not to have been received.

The action was brought to recover charges for booming pine logs for the defendant, and it is alleged on his part that the jury allowed the plaintiff charges for 700,000 feet of logs which never passed through the plaintiff's booms. It appears from the record that there was some controversy on the trial as to the quantity of logs which passed through the booms of the plaintiff, and upon which the company was entitled to its charges. The plaintiff's evidence showed that the whole amount which passed into and through the booms of the plaintiff was 4,216,200 feet, and the jury so found. On the other side, there was the evidence of the plaintiff that the amount was 700,000 feet less. There was certainly some evidence to support the verdict upon the question of quantity, and that verdict is conclusive, unless the evidence upon the other side so greatly preponderated as to induce this court to believe the jury were perverse in finding against such evidence. In this case it does not appear that there was any great preponderance of evidence either way, and the verdict must stand.

The objections to the introduction of the depositions came too late. The objection was simply technical, and if it had been taken before the trial commenced it could have been obviated by an amendment of the certificate of the officer before whom the same were taken. See section 4091, R. S. 1878.

It is urged that the verdict of the jury should not have been received and entered in the form in which the jury returned it.  The verdict found by the jury and received by the court was as follows:  "We, the jury in the above entitled cause, find for the plaintiff, and assess its damages at $2,108.10, amount to be paid for boomage in the following manner, viz.: $527.02 to be paid after the decision of the award suit; $500, amount paid by defendant 31st of July, 1876; leaving $1,081.75 due and payable on the 17th of October, 1876; $156.82, amount of interest for two years and twenty-six days at 7 per cent.; making total amount due to date, less the amount to be paid at the decision of the award suit, $1,764.92."  Upon this verdict the plaintiff entered judgment in its favor for the sum of $1,237.90, being the amount found due to the plaintiff less the sum of $527.02, which the jury found would not be due until the decision of the award suit, which had not been then determined.

To understand the cause for returning so peculiar a verdict, it will be necessary to look into the pleadings and evidence. The plaintiff, in its complaint, alleged that it had boomed 4,216,200 feet of logs for the defendant, for which the defendant became indebted to it in the sum of $2,108.10 on the 17th of October, 1876; admitted the payment of $500 on the amount claimed, before suit brought; and demanded judgment for the sum of $1,608.10, with interest from the 17th day of October, 1876.  The answer consisted of denials.  On the trial, the evidence for the plaintiff showed that there was a special contract made with the defendant for booming his logs, by which he agreed to pay 50 cents per thousand, three-quarters to be paid in cash and one-quarter at the termination of a law suit which was then pending, provided the company won the suit.  This suit, referred to in the plaintiff's evidence, was still pending and undetermined when the action was tried; consequently, by the terms of the contract, one-fourth of the sum of $2,108.10, the amount due the

plaintiff for booming the 4,216,200, was not due and payable when this action was tried. Five hundred dollars were admitted to have been paid before suit brought, making together the sum of $1,027.02, paid or not then due, to be deducted from the whole sum of $2,108.10, leaving due the plaintiff, on the 17th of October, 1876, $1,081.08; the jury say $1,081.75, making a mistake of 67 cents. The jury then find that there was due to the plaintiff $156.82, for interest. By computation it will be found that the jury allowed interest only on the sum of $1,081.75, which was found to be due October 17, 1876, which, according to the terms of the contract, plaintiff was entitled to receive. The plaintiff, upon this verdict, took judgment for the exact sum due,. deducting the $500 paid before suit brought, and the $527.02, the one-quarter of the sum of $2,108.10, the whole amount found due from defendant to the plaintiff for boomage.

The judgment does not, therefore, prejudice the defendant, and the only question is whether the verdict is so uncertain or informal that it was error on the part of the court to receive the same. We think the verdict was sufficiently formal and certain. It disposed of all the issues in the case; it found the exact amount which was due to the plaintiff at the time the verdict was given, and for that sum alone judgment was rendered for the plaintiff. The fact that the verdict found specially the contract as to how the payment of the amount due the plaintiff for the boomage of defendant's logs was to be made, can work no injury to the defendant so long as the plaintiff takes judgment for no more than was due by such finding at the time the verdict was returned. *Everit v. Bank*, 13 Wis., 421; *Porter v. Rummery*, 10 Mass., 64; Hilliard on New Trials, 133–134, and cases cited in notes. We find no errors in the record sufficient to justify the reversal of the judgment.

*By the Court.* — The judgment of the circuit court is affirmed.