STEDMAN vs. ANDERSON.

*January 17 — February 8, 1881.*

*New Trial.*

There was no error in refusing to set aside the verdict in this case as contrary to, or not sustained by, the evidence.

APPEAL from the Circuit Court for *Jackson* County.

Plaintiff appealed from a judgment in favor of the defendant. The case is stated in the opinion.

The appeal was submitted on the brief of *Carl C. Pope* for the appellant, and that of *O. J. Allen* for the respondent.

TAYLOR, J. This action was brought to recover the value of twenty-two barrels of flour, which the appellant claims belonged to him, and which he alleges were wrongfully taken and converted by the respondent. The evidence shows that the appellant had twenty-two barrels of flour, put up in sacks, and piled up in the mill of one Hull; that there were thirty barrels of other flour, put up in sacks, in said mill, which belonged to Hull; and that the defendant, having in his hands an execution against said Hull, levied upon and carried away thirty barrels of flour from said mill, and sold the same as the flour of Hull. The plaintiff claims that twenty-two barrels of the flour levied upon and taken away by the defendant were his flour. The defendant claims that the flour he took belonged to Hull, and that plaintiff's flour was left in the mill. The defendant had a verdict in his favor in the court below, upon which judgment was entered; and the plaintiff appeals. The plaintiff moved to set aside the verdict, and for a new trial, upon the ground that there was no evidence to sustain the verdict, and upon the ground that it was against the evidence.

The only question in the case was, the identity of the flour taken by the respondent as the flour of the plaintiff. There was no issue made by the evidence upon the fact that the plaintiff had twenty-two barrels of flour in the mill; that seems to have been taken for granted, and the only question litigated was, whether the defendant took plaintiff's twenty-two barrels. Upon this point, the plaintiff himself testified that his flour was piled up in sacks, and was pointed out to him, as being all the flour, twenty-two barrels. One of his witnesses testified that the plaintiff's sacks were piled on one side by themselves. The defendant and his witnesses swear that the thirty barrels taken by the defendant were all in one pile, and not in any way separated from each other, and that they left.

a pile of sacks in the mill, containing twenty-two barrels, which were. piled by themselves, and separated from the thirty barrels taken by defendant. The witness Hull swore that the defendant took the flour of the plaintiff; and the witness Deggetts, who was the helper in the mill, swore to the same thing. The credibility of Hull's testimony was shaken somewhat by the witnesses of the defendant, who testified that he pointed out the pile of thirty barrels which the defendant took, as his flour, and the other pile, of twenty-two barrels, as the flour of the plaintiff. We do not understand that the plaintiff testified that after the flour was taken by the defendant he went to the mill, and, by examination, found that his flour had been taken, but that he depended upon the statement made to him by Hull, that the defendant had taken his flour. The evidence as to the identity of the flour taken depends mainly upon the testimony of Hull and his helper, and of the defendant and his witnesses. The evidence of the plaintiff and his witness Deggetts tends very strongly to show that plaintiff's twenty-two barrels were in a pile separated from any other flour in the mill; and the defendant's testimony shows pretty conclusively that the thirty barrels he took were all in one pile, and that there was another pile of flour in the mill at the time, containing twenty-two barrels, which he did not take. The question of identity was clearly in dispute, by the evidence, and was properly submitted to the jury, and their verdict is conclusive. *Eaton v. School-Dist.*, 23 Wis., 374; *Janssen v. Lammers*, 29 Wis., 88; *McNeill v. Ross*, 44 Wis., 539; *Tolford v. Tolford*, id., 547; *Wausau Boom Co. v. Plumer*, 49 Wis., 118.

*By the Court.* — The judgment of the circuit court is affirmed.