## GOODLAND, Respondent, vs. LE CLAIR, Appellant.

*November 8 — November 25, 1890*

*(1) Newspapers: Liability of person receiving.  (2) Impaneling jury. (3) Depositions: Objections, when to be made.  (4) Contract to publish advertisement: Statute of frauds.  (5, 6) Special verdict: Form of questions.*

1. Evidence that a newspaper was mailed by the publisher, addressed to the theater of which the defendant was the proprietor, and was received there for one year and never refused or returned, is sufficient to show the defendant's liability for the subscription price.
2. The court having directed the regular panel to be called to obtain a jury, one of the jurors, having gone away, failed to answer to the call, but was afterwards telephoned to be present and was placed on the jury. *Held*, not error.
3. Under sec. 4091, R. S., an objection to the admission of a deposition on the ground that the oral interrogatories were put by the commissioner who took it, must be made before the trial is begun.
4. A contract for the publication of an advertisement in a newspaper is not one for the sale of goods, chattels, or things in action, within the meaning of the statute of frauds (sec. 2308, R. S.).
5. Where the questions submitted for a special verdict are sufficient to dispose of all the material controverted issues, the refusal to submit other questions is not error.
6. A question submitted for a special verdict, "Did the defendant or his authorized agent ever make the alleged agreement?"— is not objectionable because in the alternative.

APPEAL from the Circuit Court for *Ashland* County.

Action to recover the sum of $68 alleged to be due to the plaintiff for publication of an advertisement in his newspaper and for one year's subscription to the paper. The facts will sufficiently appear from the opinion. There was a special verdict finding the facts in favor of the plaintiff, and from the judgment entered thereon accordingly the defendant appealed.

For the appellant there was a brief by *Cole & O'Keefe*,

Goodland vs. Le Clair.

attorneys, and *McCloud & McCully*, of counsel, and oral argument by *Rublee A. Cole*.

For the respondent the cause was submitted on the brief of *John Goodland*.

ORTON, J.    The plaintiff was the publisher of a newspaper called the "Ironwood Times." He alleges that the defendant subscribed for one copy of said paper for one year, to be sent to him by mail, at the price of $2, and that he inserted and published in said newspaper certain advertisements, at the special instance and request of the said defendant, at the agreed price of $66, and that it was reasonably worth that amount. The answer is a general denial.

The error assigned by the appellant for the refusal of the court to direct a verdict for the defendant involves the merits of the case. The testimony for the plaintiff tended to prove that the newspaper was mailed, addressed to the theater at Hurley of which the defendant was the proprietor, and received there for one year, and was never refused or returned. That is sufficient for the $2 charge, but it was also proved by book account. It also tended to prove that the agent of the plaintiff was directed by the defendant to consult his manager and agent as to the matter of the advertisements to be published in said paper, and he did so, and contracted with said agent on behalf of the parties for the publication of the same and at the price named, and that said advertisements were duly published, in accordance with said contract, by the plaintiff, and a bill therefor was rendered to the agent of the defendant, and demand made for payment. This testimony was sufficient to entitle the plaintiff to recover his whole bill, and it was therefore no error to refuse to direct a verdict for the defendant.

Some of the other exceptions will be disposed of in their order.

1. The court having directed the regular jury panel to be

called to obtain a jury to sit in the case, one of them, having gone away and therefore failing to answer to the call, was afterwards telephoned to be present and was placed on the jury. The learned counsel of the appellant not having given any reason why this was improper, we are unable to find any.

2. The deposition of the witness Henning was. received against the objection of the learned counsel of the appellant that all of the oral interrogatories were put by the commissioner who took it. The statute (sec. 4091, R. S.) provides that "all objections to the validity or admissibility of any deposition shall be made before the trial is begun." This objection was made after the trial had commenced, and was therefore too late. The testimony in this deposition, and in the deposition of the witness Hill, relating to the contract for the publication of said advertisements, was objected to because it tended to establish a contract void by the statute of frauds: (1) This is not a contract for the sale of goods, chattels, or things in action. (2) This contract was fully executed and performed by the plaintiff. Sec. 2308, R. S.; *Meincke v. Falk*, 55 Wis. 427; *McClellan v. Sanford*, 26 Wis. 595. The statute does not apply to such a contract. There are several other objections to different parts of the depositions, but they are technical, rather than substantial, and without merit.

3. The learned counsel of the appellant requested the court to submit to the jury, for a special verdict, certain. fourteen questions, and the court refused. Most of these questions relate to the testimony rather than to issuable facts. The court submitted six questions only, and they were sufficient to dispose of all of the material issues in the case, and some of them were not necessary,— such as whether the claim had ever been paid, and whether the defendant, his servants or agents, ever notified the plaintiff to quit advertising or delivering the paper. There were no

such issues in the case. Was the contract made as alleged? Did the plaintiff perform it by publishing the advertisements as alleged? What was the price agreed upon, or what was the value of the advertising and subscription? Those were all the questions necessary, and they were substantially embraced in those submitted by the court. *Ward v. Busack*, 46 Wis. 407; *Eberhardt v. Sanger*, 51 Wis. 72.

4. Exception is taken to the fifth question because it is in the alternative,— "Did the defendant or his authorized agent ever make the alleged agreement?" etc. This was equivalent to asking: "Did the defendant make the agreement either personally or by his agent?" The answer that he did make it either way would find the issue, and that is sufficient. Whether he did it personally or by his agent would be finding the testimony. It might have been proper to have asked whether the agent was duly authorized to make the contract, if it had not been proved that the defendant directed the agent of the plaintiff to make it with his agent.

5. Many exceptions are taken to the instructions of the court, but they are more like captious criticisms than exceptions. The instructions are very clear, and we think proper. This case is short and very plain, and the testimony is brief and to the point, and the plaintiff's case was fully proved. We have disposed of all the exceptions that appear to be meritorious. We can find no error that ought to cause a reversal of the judgment.

*By the Court.*— The judgment of the circuit court is affirmed.