## LEGAL NEWS PUBLISHING COMPANY v. GEORGE C. KNISPEL CIGAR COMPANY.[1]

### May 16, 1919.

### No. 21,246.

**Notice to discontinue — evidence of proper mailing evidence of receipt.**
1. Proof of the proper mailing of a notice is evidence of its receipt in due course, and in this case there was sufficient evidence that the

[1]Reported in 172 N. W. 317.

defendant mailed to the plaintiff, a newspaper publisher, a notice to discontinue sending its paper, and that the plaintiff received the notice.

**Contract — acceptance of newspaper delivered — finding not required.**

2. One may accept delivery and make use of a newspaper delivered to him, just as he may of other things, under such circumstances as to make a contract implied in fact between him and the publisher; but the evidence in this case did not require the finding of such a contract.

Action in the municipal court of St. Paul to recover $37.50 subscription price of plaintiff's newspaper. The answer admitted that defendant subscribed for "Finance and Commerce," but denied that he subscribed therefor for a period of two years and six months from **May 16,** 1914, or that he ever agreed to pay $15 per annum for the periodical; he further alleged that the subscription having been made plaintiff on April 15, 1914, presented a bill for $6 which was paid and that plaintiff was then and there directed to discontinue the delivery of the periodical to defendant. The case was tried before Boerner, J., who made findings and ordered judgment in favor of defendant. From an order denying its motion for amended findings or for a new trial, plaintiff appealed. Affirmed.

*R. A. Walsh,* for appellant.

*W. J. Horrigan,* for respondent.

DIBELL, J.

Action to recover the subscription price of a newspaper. There were findings for the defendant and the plaintiff appeals from the order denying its motion for a new trial.

1. The plaintiff publishes a newspaper known as "Finance and Commerce" and delivers it in part by carrier and in part by mail. The defendant subscribed for the paper for one year from May 16, 1913. It was delivered to him by carrier. He claims that on April 15, 1914, when he paid the last half of the year's subscription, he ordered the paper discontinued. There is evidence that on that date he sent a notice of discontinuance by mail and that with it there was inclosed a check for the last half year. There is evidence that the notice was not received. It is conceded that the check was received in some way. Proof of proper mailing is evidence of receipt in due course. Dunnell, Minn.

Dig. and 1916 Supp. § 3445, and cases;, 1 Wigmore, Ev. § 95. It may be rebutted. If the notice was in fact mailed with the check the receipt of the check definitely evidences the receipt of the notice. The claim that the notice was sent is weakened by the fact that when the defendant wrote the plaintiff's attorney in response to his demand of payment he did not assert that he had discontinued the paper, but claimed that he had subscribed and paid for one year and the plaintiff had no right to renew it. The question whether the notice was sent and received was one of fact. A finding to the effect that it was is sustained by the evidence.

2. There is evidence that after the expiration of the first year's subscription, and from May 16, 1914, to November 16, 1916, the newspaper was delivered to the defendant and received and accepted by him, and for this period it is sought to recover. There is evidence that it was not delivered nor received, or that if there was any sort of delivery at all it was in a desultory way and that there was no acceptance nor use made of the paper.

It is well understood that one may accept delivery and make use of a newspaper, just as he may of other things, under such circumstances as to make a contract implied in fact. Fogg v. Portsmouth Atheneum, 44 N. H. 115, 82 Am. Dec. 191; Austin v. Burge, 156 Mo. App. 286, 137 S. W. 618; Goodland v. LeClair, 78 Wis. 176, 47 N. W. 268; Weatherby v. Banham, 5 C. & P. 228. The evidence was not such as to require a finding of a contract implied in fact.

Order affirmed.