C. E. ERICKSON COMPANY, Appellant, vs. FARNUM, Respondent.

*September 22—November 15, 1921.*

*Depositions: Inadequacy of address: Receipt by magistrate: Motion to suppress: When made.*

1. The fact that depositions for use in a justice's court were addressed to the "Clerk of Justice Court, Rock County, care of" a firm of attorneys, instead of to the magistrate, is not a ground for suppression of the depositions for insufficiency of address, the papers having been delivered to the justice intact.
2. After a case has been called and a jury struck it is too late to move to suppress a deposition for insufficiency of address, under sec. 4091, Stats., requiring all objections to the admissibility of a deposition to be made before entering on the trial and providing that a deposition may be suppressed after the trial is begun for sufficient cause not disclosed in the deposition and accompanying papers, the defects in the address appearing on the face of the papers.

APPEAL from a judgment of the municipal court of Rock county: HARRY L. MAXFIELD, Judge. *Reversed.*

This action was begun in justice's court before Charles H. Lange, a justice of the peace, in the city of Janesville, Rock county. There was a judgment in favor of the plaintiff, from which the defendant appealed to the municipal court of Rock county. The action was brought on for trial on the 4th day of March. The defendant having demanded a jury, the court ordered the drawing of a jury list. After the jury had

been struck, the court stated that it would be impossible to bring in the jurors until the next day. Thereupon counsel for defendant offered a motion to suppress the depositions of Ernest R. Erickson and Miss Clara M. Erickson, which had been taken for use in justice's court upon the stipulation of the parties that said depositions might be taken upon oral interrogatories, said depositions to be used upon the trial of the above entitled action by the said plaintiff. The motion to suppress was based upon an affidavit showing that the depositions, when taken and completed, were not delivered and transmitted by the officer by whom the same were taken to the magistrate, Hon. Charles H. Lange, as required by sec. 4087, Stats. The motion to suppress the depositions was granted, to which the plaintiff excepted, and the cause was submitted to the jury, which found in favor of the defendant. Judgment was entered accordingly, from which the plaintiff appeals.

*John Gross, Jr.,* of Janesville, for the appellant.

For the respondent the cause was submitted on the brief of *J. G. McWilliams,* attorney, and *J. J. Cunningham,* of counsel, both of Janesville.

ROSENBERRY, J. In granting the motion to suppress the depositions the trial court erred for two reasons:

First. It appeared that the depositions, instead of being addressed to Charles H. Lange, were addressed to "Clerk of Justice Court, Rock county, care of Whitehead & Matheson, Attorneys, Janesville, Wis.," and were entitled "Depositions in case of C. E. Erickson v. C. B. Farnum." It appeared satisfactorily that upon receipt of the depositions at the office of Whitehead & Matheson the envelope, without breaking of the seal, was taken and delivered to Charles H. Lange, justice of the peace, in the condition in which it was received, and that the said envelope was thereafter opened by the justice. There is no claim that the depositions were in any way tampered with or defective in any other respect than the address. Under the facts in this case we think the

depositions were sufficiently addressed and that they should not have been suppressed by reason of the insufficiency of address.

Sec. 4091. "All objections to the validity or admissibility of any deposition shall be made before entering on the trial; but any deposition may be suppressed after the trial is begun if any sufficient cause appear which is not disclosed in the deposition and accompanying papers."

Such defect as there was in this case clearly appeared upon the face of the papers, and we think that under the provisions of this statute a motion to suppress on the grounds of misdirection comes too late when it is made after the case is called and a jury struck. *Goodland v. Le Clair,* 78 Wis. 176, 47 N. W. 268; *Wausau B. Co. v. Plumer,* 49 Wis. 118, 5 N. W. 53; Jones, Evidence (2d ed.) p. 816.

The plaintiff contends that the depositions, together with the order and contract, establish the liability of the defendant as a matter of law. We cannot say that the matters contained in the depositions may not be met by evidence on the part of the defendant. We cannot, therefore, order judgment upon the record.

*By the Court.*—Judgment reversed, and cause remanded for a new trial.